## N. BLUNTZER v. D. HIRSCH.

### Decided June 4, 1903.

**1.—Partnership—Settlement—Limitations.**

In an action by one partner against his copartners for a settlement of the partnership accounts the cause of action is considered as having accrued on a cessation of the dealings in which they were interested together, and limitation runs from that date. Rev. Stats., art. 3356 (3).

**2.—Same—Pleading—Termination of Dealings—Conclusion.**

An averment that prior to a stated date it was not known to either of the partners and could not have been earlier ascertained by them, that all of the cattle (constituting the subject matter of the partnership) had been disposed of or had died, was not an averment that the dealings between the partners had not ceased prior to that time, and an averment that the agreement continued as an existing partnership until a given date was dependent on the averment that up to that time, and up to the present time, there had never been any settlement of the partnership business, and it was therefore a mere conclusion of the pleader.

Appeal from the District Court of Nueces. Tried below before Hon. Stanley Welch.

*D. McNeill Turner,* for appellant.

*G. R. Scott* and *J. B. Wells,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was commenced in the District Court of Nueces County, March 28, 1898, by N. Bluntzer against D. Hirsch for the recovery of the plaintiff's alleged share of the profits of a joint enterprise or partnership for the purchase and marketing of beef cattle. On April 13, 1898, the defendant filed his original answer, consisting of a general demurrer and general denial. The cause was continued from term to term until the November term, 1902, when Justina Bluntzer filed in writing a suggestion of the death of N. Bluntzer and of D. Hirsch, and prayed to be permitted to prosecute the suit as survivor of the community estate of herself and her deceased husband, N. Bluntzer, and for scire facias to Olivia B. Hirsch as independent executrix

of D. Hirsch. The proper order was made by the court, and the said Justina Bluntzer and Olivia B. Hirsch were substituted on the record as plaintiff and defendant respectively.

On November 27, 1902, the plaintiff filed her fourth amended original petition, and the defendant pleaded limitation by demurrer to the cause of action set up therein. The court sustained the demurrer and rendered judgment in favor of the defendant. The cause of action set out in the petition was that, on or about May 1, 1888, the said N. Bluntzer and the said D. Hirsch entered into a parol agreement of partnership for the purchase and sale of beef cattle for their mutual profit and advantage; that no time was fixed for the duration of said partnership; that by the terms thereof Hirsch agreed to furnish the money for the purchase of beef cattle and for carrying on said copartnership to the extent of, and not to exceed, $10,000; and Bluntzer agreed to buy the cattle and to handle, manage and care for the same and to pasture them during the continuance of the business, and to market and sell the same whenever it might appear advantageous so to do, and return to Hirsch an account of sales thereof; that the profit in the business was to be divided between the parties equally for "ones" and "twos," and for "threes and ups" two-thirds to Hirsch and one-third of Bluntzer. It was alleged that under said agreement Bluntzer purchased for the joint account of himself and Hirsch from divers persons 506 head of steer or beef cattle for the aggregate amount of $3457.75, all of which was paid by said Hirsch. An itemized statement thereof showed that the purchases were all made during the months of July, August and September, 1888. It was further alleged that the said Bluntzer handled, managed and cared for and pastured all of said cattle, and from to time shipped and marketed 360 head thereof, and realized from the sales thereof the sum of $6124.28, all of which, in accordance with the terms and conditions of the partnership agreement, was returned to and deposited with said Hirsch by said Bluntzer to the credit of their joint account. An itemized account of sales was set out which showed that the sales were made on sundry dates from April 15, 1889, the first sale, to May 2, 1893, the last sale; and it was alleged that of the profits of said copartnership the said Bluntzer was entitled to receive sums aggregating $1293.52. The petition proceeded as follows:

"Plaintiff further represents that the balance of said beef or steer cattle, to wit, 146, died, owing to the severe drouths prevailing during the years 1890, 1891, 1893 and 1894, and through no fault on the part of said N. Bluntzer, and that no profit was realized therefrom.

"That in compliance with his said contract of copartnership, her husband, the said N. Bluntzer, rendered and returned to said D. Hirsch true and correct accounts of all sales of said steer or beef cattle, as made by him, immediately after same were made, and that same were returned to said D. Hirsch at the times the moneys realized from the said sales thereof were remitted to and deposited with him as hereinbefore alleged.

"Plaintiff further represents that prior to the 1st day of August, 1894, it was not known to either the said D. Hirsch or the said N. Bluntzer, and could not have been earlier ascertained by them or either of them, that all the steer cattle purchased by them under their said contract of copartnership had been theretofore disposed of, or had died; and that up to the 1st day of August, 1897, there had never been, and up to the present time there has not been, any settlement of said copartnership business between the said D. Hirsch and the said N. Bluntzer; and that said partnership agreement continued as an existing copartnership between them up to the 1st day of August, 1897, when for the first time the said D. Hirsch disputed or denied the terms of said contract as herein pleaded, or the said N. Bluntzer's right to his share of the profits of the cattle venture as hereinbefore set out.

"Plaintiff further shows that the dealing between the said N. Bluntzer and the said D. Hirsch, with respect to their cattle copartnership never ceased until about the said 1st day of August, 1897.

"Wherefore plaintiff prays for judgment for the said sum of $1292.52, and interest thereon from August 1, 1897, at 6 per cent per annum, and for costs and general relief."

The facts alleged in the petition do not take the plaintiff's cause of action out of the bar of the statute of limitation against actions by one parner against his copartner for a settlement of the partnership accounts. The cause of action in such case is considered as having accrued on a cessation of the dealings in which they were interested together. Rev. Stats., art. 3356(3). It appears from the petition that the last transaction in the dealings in which the parties were interested was the sale of thirty-two head of cattle to Chittim & Co., May 2, 1893. The averment that prior to August 1, 1894, it was not known to either Hirsch or Bluntzer, and could not have been ascertained earlier by them or either of them, that all of said cattle had been disposed of or had died, is not an averment that the dealings between them had not ceased prior to that time, especially so since it had been previously alleged that the remnant of the cattle had died owing to the severe drouths during the years 1890, 1891, 1893 and 1894. The averment that the agreement continued as an existing partnership until August 1, 1897, is dependent upon the averment that up to that time and up to the present time there had never been any settlement of said copartnership business, and is consequently a mere conclusion of the pleader. The exception setting up the plea of limitation goes to the entire petition, and if it appears from all the facts alleged that the cause of action is barred, the plea should be sustained, notwithstanding the fact that special exceptions addressed to particular allegations may not be well taken. There was no error in the judgment of the court below and it will be affirmed.

*Affirmed.*