## W. H. COLEMAN ET AL. v. J. E. ANDERSON ET AL.

### No. 1414. Decided April 17, 1905.

**1.—Contract—Benefit Insurance Certificate.**

Though the laws of a benefit insurance society, which forbade the sale, assignment or pledge as collateral of the benefit certificate, left to the insured no interest in the contract except the right to name or change the beneficiary within limits of his family or dependents, and to the beneficiary no interest except the contingent right to the insurance in case the insured made no change in the beneficiary, such rights could be made the subject of contract by them with third persons. (Pp. 573-577.)

**2.—Same—Pledge to Secure Assessments Advanced by Third Party.**

Where the beneficiary, with consent of the insured, pledged the benefit certificate to a third party to secure assessments thereon advanced by such pledgee, neither the insured nor the beneficiary could recover the certificate from such pledgee or from an assignee of his rights without

repayment of the assessments advanced by them on the faith of such pledge, though it was forbidden by the laws of the society issuing the certificate. (Pp. 573-577.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Leon County.

W. H. and R. B. Coleman sued Anderson and others for recovery of a certificate of benefit insurance and had judgment. On defendants' appeal the judgment was reversed and rendered in their favor. Appellees, plaintiffs below, then obtained writ of error from the Supreme Court.

*S. W. Dean* and *J. T. Ryan,* for plaintiffs in error.—A benefit certificate in a benevolent association is merely a right in expectancy, and is not property subject to alienation and transfer, either as collateral security or absolutely. Splawn v. Chew, 60 Texas, 532.

The beneficiary in a mutual benefit certificate has no right, title nor interest in it during the life of the insured and can not assign it. Splawn v. Chew, 60 Texas, 532.

A transfer to anyone, unless it be to some one of a member's family, of any certificate in the Supreme Lodge, Knights of Honor, as of other benefit societies, is void. Price v. Supreme Lodge K. of H., 68 Texas, 366; Cheeves v. Anders, 87 Texas, 292.

The court erred in rendering judgment for the defendant for any amount, because there was no privity of contract between the insured nor the beneficiary and the defendants, the only contract being with H. Levy, and, so far as the records show, the payments made by the defendants were made by them without the knowledge or consent of either the insured, R. B. Coleman, or the beneficiary, W. H. Coleman.

The court erred in rendering judgment for the defendants for any sum, because the contract made between W. H. Coleman and R. B. Coleman, on the one hand, and H. Levy, on the other part, by its express terms, is not due nor payable until the death of the said Coleman, and there is no allegation nor proof that same has matured.

*Thos. B. Greenwood* and *Wm. Watson,* for defendants in error.— There is nothing better settled in Texas than that a benefit certificate issued by a benevolent insurance association, such as the Knights of Honor, is property, subject to transfer as collateral security, and that the creditor to whom such a certificate is transferred acquires a valid interest therein to the extent of his debt, and especially to the extent of all advancements of dues and premiums required to keep the certificate alive, with interest Schonfield v. Turner, 75 Texas, 324, 329; Cawthon v. Perry, 76 Texas, 385; Cheeves v. Anders, 87 Texas, 289; Batts' Civ. Stats., art. 308.

The beneficiary in a mutual benefit certificate has a property right therein so long as he remains the beneficiary, though the assured has the

reserved right to designate another beneficiary. And after the beneficiary places the certificate in the hands of a creditor for a consideration inuring to both the beneficiary and the assured, with the agreement that the creditor shall have an interest therein commensurate with the amount of his debt, the creditor becomes invested with a power over or interest in the certificate, which can not be revoked by either the beneficiary or the assured, without first discharging the debt. Wells v. Littlefield, 59 Texas, 557; Hudson v. Wilkinson, 61 Texas, 606; Lawler v. National Life Assn. of Hartford, 83 Hun., 393.

Provisions in the by-laws of mutual benefit societies, forbidding transfers of certificates to others than designated classes of persons, are intended for the benefit of the societies, and transfers, though forbidden by the by-laws, are good as between the parties. Burges v. New York Life Ins. Co., 53 S. W. Rep., 602; Tombler v. Palestine Ice Co., 17 Texas Civ. App., 601.

Though the attempt to assign a benefit certificate or insurance policy be invalid, because against public policy, or because the assignee comes within the classes of prohibited holders, yet if the consideration for the attempted assignment, accompanied by an actual delivery of the policy, be an agreement to pay assessments, the assignee would be entitled to receive out of the proceeds of the policy the amount paid in by him in assessments, with interest, and to hold the policy until such amount had been refunded. Odd Fellows' B. Assn. of C. v. Diehart, 2 Ohio Cir. Ct. Rep., 462; Gibson v. Mutual Ben. Soc., 8 Ky. Law Rep., 520; Stevens v. Germania Life Ins. Co., 26 Texas Civ. App., 156; Cheeves v. Anders, 87 Texas, 289.

Even though a contract can not be enforced, because absolutely void, yet the parties to the contract who have directly or indirectly received moneys under it can not recover property pledged or mortgaged by the terms of the contract without refunding the moneys received. Otherwise, the courts would offer a premium for a man to take advantage of his own wrong. Rodriguez v. Haynes, 76 Texas, 232; Mills v. Alexander, 21 Texas, 164-166; Whitson v. Smith, 15 Texas, 36; Beer v. Landman, 88 Texas, 450.

In equity, the fund arising from a mutual benefit certificate will be charged with the cost of keeping it alive, where it has been kept alive by payments obtained upon an attempted pledge of the certificate, with an express promise to refund all assessments, and the beneficiary who procures such payments, the insured who avails himself of the benefits thereof, and the insurance company which accepts the assessments through a long series of years, are all estopped to deny the right of the person paying to be reimbursed the amount of assessments advanced with interest. 3 Joyce on Insurance, sec. 2345; Stevens v. Germania Life Ins. Co., 26 Texas Civ. App., 156; Odd Fellows' B. Assn. of C. v. Diehart, 2 Ohio Cir. Ct. Rep., 462; Gibson v. Mutual Ben. Soc., 8 Ky. Law Rep., 520; Leaf v. Leaf, 92 Ky., 166; Dugan v. Colville, 8 Texas, 128; Whitson v. Smith, 15 Texas, 36.

A mortgage or pledge is a mere incident to the indebtedness, and the assignment of the debt, even by parol, draws after it the mortgage or pledge as appurtenant to it. Besides, a pledgee who holds a pledge as security may sell his interest therein, and in such case the pledgor can not recover the pledge of the purchaser without tendering him the amount for which it is held. Solinsky v. National Bank, 82 Texas, 246; Perkins v. Sterne, 23 Texas, 561; Howard v. Windom, 86 Texas, 567; Talty v. Trust Co., 93 U. S., 321.

The court erred in rendering judgment for plaintiffs for the recovery of the insurance policy sued for without requiring the payment to the defendants of the amount for which said policy was held as collateral security by H. Levy, with accrued interest, because the uncontradicted evidence showed a valid assignment of the policy as collateral security for the indebtedness of plaintiff W. H. Coleman to H. Levy, and that defendants had become the owners and holders of such indebtedness. Cheeves v. Anders, 87 Texas, 289; Schonfield v. Turner, 75 Texas, 324, 329; Mills v. Alexander, 21 Texas, 164; Whitson v. Smith, 15 Texas, 36; Smith v. Anderson, 8 Texas Civ. App., 188; Solinsky v. Bank, 82 Texas, 246; Wells v. Littlefield, 59 Texas, 557.

The court erred in rendering judgment for defendants against plaintiffs for only $213.35, because, under the uncontradicted evidence, defendants were entitled to recover the additional amount of plaintiff W. H. Coleman's indebtedness to H. Levy, assigned to defendants, with accrued interest, or defendants were entitled to the possession of the insurance policy until such indebtedness was paid. Smith v. Anderson, 8 Texas Civ. App., 188.

The court erred in rendering judgment for plaintiffs for the possession of the policy sued for: (a) because the uncontradicted evidence showed a superior right to the possession of said policy in defendants; (b) because the uncontradicted evidence showed that H. Levy was entitled to the possession of said policy, if defendants were not. Cheeves v. Anders, 87 Texas, 287; Wells v. Littlefield, 59 Texas, 557; Burges v. Insurance Co., 53 S. W. Rep., 602; Whitson v. Smith, 15 Texas, 36; Dugan v. Colville, 8 Texas, 128; Rodriguez v. Haynes, 76 Texas, 232; Beer v. Landman, 88 Texas, 450; Smith v. Anderson, 8 Texas Civ. App., 188; Talty v. Trust Co., 93 U. S., 321.

WILLIAMS, Associate Justice.—Plaintiffs in error, W. H. Coleman and R. B. Coleman, brought this action to recover of the defendants in error, Anderson, Evans & Evans, the possession of a benefit certificate issued by the Knights of Honor to R. B. Coleman as a member of that order, by which it agreed to pay to W. H. Coleman, son of the member, upon the latter's death, the sum of $2000.

The defense was that the certificate was held, under the contract hereinafter stated, to secure the repayment of sums advanced to W. H. Coleman to pay the dues and assessments upon it and another certificate from

the same order, for a like amount, to W. H. Coleman, also a member, of which his wife was beneficiary.

The evidence in the District Court showed that, after the issuance of the certificate sued for, R. B. Coleman delivered it to W. H. Coleman, the beneficiary, without any agreement between them as to the payment of dues and assessments to the order. W. H. Coleman, considering that it was his duty to make such payments, entered into an agreement with W. H. Levy by which the latter was to pay the sums thus becoming due from time to time upon the two certificates named and was to be reimbursed his expenditures out of the benefits, or either of them, when paid, and, as security, the certificates were delivered to him by W. H. Coleman and his wife under written instruments executed by them embodying the contract. Under this agreement Levy acted for many years and advanced the money necessary to keep the certificates in force, until he failed in business and made a deed of trust to creditors, by proceedings under which all of his rights, including those arising under this contract, passed to Anderson, Evans & Ward, which firm made further advancements until Ward retired from the firm, assigning all his interest to the defendants' firm as now constituted. The defendants, after making some further payments, declined to make others without some understanding with W. H. Coleman, who denied their right to do so, and the latter has himself since paid the dues and assessments upon the certificates. The advancements made upon the two certificates, as stated by the Court of Civil Appeals, amounted almost to $1800. R. B. Coleman did not testify and there is no evidence in the record that he ever at any time objected to the payment of the dues and assessments under the contract as stated.

The certificate in dispute was not introduced in evidence, and no proof was made of its contents beyond what has been stated. The only evidence as to the laws of the order is contained in the following, designated in the record, as "Laws and Official Decisions of the Supreme Dictators and Supreme Lodge of the Knights of Honor," the date of the promulgation of which, as well as that of the issuance of the certificate, are left to conjecture.

"Sec. 206. Benefit certificates can in no sense be denominated commercial paper, and therefore can not be assigned as collateral security or otherwise. They can not be sold so as to give the purchaser any valid claim on the widows and orphans benefit fund.

"Sec. 207. A member can not dispose of his benefit certificate, or part of it, to a party who will agree to pay all his assessments.

"Sec. 208. A member can not assign his benefit certificate to secure a debt.

"Sec. 209. A member can not assign any portion of the benefit certificate to which his beneficiaries may be entitled.

"Sec. 210. A beneficiary of a member during his life has no interest in the benefit certificate, and can not assign it.

"Sec. 212. A benefit certificate can not be collateral security. The member has and retains complete control over same. He can cnange it at his will and pleasure in the manner provided by law. It is not a policy of insurance and can not be assigned as security. We are permitted by our charter to raise a fund only for the protection of members of our families and dependents, and not for the benefit of creditors."

The District Court rendered judgment for plaintiffs for the recovery of the certificate, and for defendants for the amount paid by them upon it alone. The Court of Civil Appeals reversed this judgment and gave judgment that plaintiffs take nothing, etc., without prejudice to their right to reclaim the certificate upon payment of the amount advanced by defendants and their assignors under the contract stated for dues and assessments upon both certificates.

The chief contention of counsel for plaintiffs in error is that the right to the possession and control of the certificates is in R. B. Coleman and is unaffected by the contract between W. H. Coleman and other parties The difficulty in sustaining this position is that the member voluntarily placed the paper in the possession of the beneficiary and has allowed the latter to make the arrangement with the other parties, on faith of which they have paid out their money. He has for years accepted the benefit of such payment, and by his silence has evidently acquiesced in the course pursued. In this way his connection with the order has been maintained and the certificate kept alive, and it is not with good grace that he now asks a court of equity to undo what he himself has done, and deprive the other parties of the frail security which they have taken and, at the same time, leave him and his son in the enjoyment of the advantage gained. To sustain such a claim the law and the facts in his favor should be made very clear.

Treating the certificate as affected by the only rules of the order introduced in evidence, as plaintiffs claim it should be treated, it invested the member with no property interest in the benefit. His only right, with respect to the benefit, was to appoint a beneficiary to receive the money at his death, and the beneficiary named could only be one or more among those designated by the laws of the order, namely: "Members of our families and dependents," and not creditors. The money to be paid could never go to him or to his estate, according to this rule; and, in this state of things, the authorities are ample to the effect that the only right of a member of such an order with respect to the benefit is that of appointment just stated. They are cited in Bacon on Benefit Societies, sec. 237; 3 Am. and Eng. Enc. of Law, 990-993. In Schonfield v. Turner, 75 Texas, 329-330, there are expressions to the effect that the member owned the beneficial interest in the certificate and that a beneficiary who had no insurable interest in the life of the member held it in trust for the member; but the certificate there in question was issued at a time when the member was allowed by the order to make it payable "as he may direct," and this would have permitted him to make it payable to his

estate. At least this much was evidently assumed, since the court held that, as the named beneficiary had no insurable interest beyond the amount advanced, the heirs were entitled to the money. The decision does not conflict with the rule stated by us, that under the rules shown in this case the member, during life, has no property interest in the benefit, but only the power to appoint a beneficiary among the class designated by the laws of the order. That right R. B. Coleman still has and there is nothing in this record to show that he is in anywise hindered or obstructed in its exercise by the defendants' possession of the certificate. He still has power to change the beneficiary, at will, and does not make it appear that the delivery of the paper is essential to the exercise of that right, nor even intimate that he desires its possession for such a purpose. Obviously the object of the suit is to regain possession for the benefit of the existing beneficiary, W. H. Coleman, without at the same time protecting rights which the latter, by his contract, may have created in other persons. We are unable to see the justice of employing the power of the court to require such a delivery, if it be found true that, as against W. H. Coleman, the defendants have acquired rights entitling them to retain the paper.

Since the member has at all times been invested with the power to change the beneficiary, at will, it can not be held that W. H. Coleman, during the lifetime of the member, has a vested property in the benefit. He is at present the beneficiary and, if he should remain such until the member's death, his right to the payment of the benefit would become perfect. His present attitude is defined by some authorities as being that of the holder of an "expectancy," and by others of "an inchoate or unexecuted gift, revocable at any moment by the donor and remaining wholly within his control." Masonic Mut. Ben. Soc. v. Burkhart, 110 Ind., 192; Brown v. Grand Lodge A. O. U. W., 80 Ia., 290; Smith v. N. B. Society, 123 N. Y., 88.

According to some well considered cases, the member may, by a valid contract with the beneficiary, bind himself not to change his designation, and in that case the beneficiary is held to acquire a vested right to the benefit which the member can not afterwards take away. Nothing of that nature is shown here and, if it were, it would only strengthen the case of the defendants.

Treating W. H. Coleman as holding only an expectancy, an inchoate gift, we are of the opinion that, unstable as it was and is, it could be made the subject of a valid contract between himself and those with whom he dealt. The substance of the agreement was that Levy should pay the money necessary to keep alive the certificates and that he should have an interest, equal to the amount advanced, in the money to be paid upon them, or either of them, at the death of the members, if it should then be payable to W. H. Coleman or his wife. The expectation of the existing beneficiaries that they might thereafter receive the money was a sufficient subject matter for such an executory contract, and there is in it

nothing illegal or vicious that we can discover. It may be true that Levy had no insurable interest in R. B. Coleman's life, but no attempt was made to make him the beneficiary. The certificate continued payable to the son and the contract was with him and bound him only to allow to Levy an interest in the fund, if it should be received, sufficient to reim-burse him for his expenditures. The contract created no interest in Levy to compass the death of the insured, because his interest in the money to be paid at death could not exceed the amount of his advances and interest. This distinguishes the case from that of Price v. Knights of Honor, 68 Texas, 361.

It is contended that the transaction was contrary to the rules of the order; but those rules deal only with the obligations of the order to mem-bers and beneficiaries, and do not regulate the rights arising out of con-tracts made between beneficiaries and third persons as between them-slves. It may be true that the order is under no obligation to in any way regard the transactions of the other parties, but that does not prevent the contract in question from being effectual between those who made it. The rules of the order are available to it alone and may be waived by it. Until it has occasion to determine to whom it will make payment, they can not be invoked to enable the other parties to escape from the legal obligations which they have voluntarily assumed towards each other. Hewins v. Baker, 161 Mass., 320; 3 Am. and Eng. Enc. of Law and Proc., 999, 1030. And it is generally held that, even where an assign-ment is held void, the assignee is nevertheless entitled to reimbursement out of the proceeds of the policy for sums paid as premiums or dues to keep the insurance alive. Cases cited 19 Am. and Eng. Enc. of Law, 97; Schonfield v. Turner, supra.

In the present case there has been no attempt by the contract to di-vest the interest of the existing beneficiary or to restrict the rights of the member. The contract was made only for the purpose of preserving their rights by the performance of the conditions on which they depended. The money necessary for that purpose has been paid by defendants and those whose rights they have, and they are entitled to insist on their rights under the contract through which this was accomplished.

The contract between W. H. Coleman and Levy was assignable and the rights of the latter under it passed by successive assignments to the defendants. Lakeview Land Co. v. Traction Co., 95 Texas, 257. That the latter, upon a dispute arising between them and W. H. Coleman, have not paid the further dues and assessments does not, so far as we can see, deny to them the right to reimbursement for the money actually ex-pended. The purposes of the contract were, to this extent, attained by keeping the certificates in force, and the contract does not make the right of those acting under it to be repaid the sums they have actually expended depend upon further payments. Besides, it appears from the

98 Sup.—37

record, that W. H. Coleman objected to further payments by defendants and he himself voluntarily undertook to make them.

The judgment of the Court of Civil Appeals is right and it is therefore affirmed.

*Affirmed.*