## LOCOMOTIVE ENGINEERS' MUT. LIFE & ACCIDENT INS. ASS'N et al. v. WATERHOUSE et al.  (No. 1542.) *

(Court of Civil Appeals of Texas. El Paso. Dec. 13, 1923. Rehearing Denied Jan. 10, 1924.)

1. Insurance ⊂∞783—Equities held to require enforcement of deceased father's contract to make children beneficiaries as against beneficiary subsequently designated by him.

Where a father, after death of his wife, contracted to give his note to his children and make them beneficiaries of his life insurance policy in place of their deceased mother, in return for their conveyance of the homestead, and later made his second wife the policy beneficiary, the children's equities after his death required enforcement of the contract as against his second wife and the insurer; Rev. St. art. 4832, permitting insured to change beneficiaries, being enacted after the policy was issued, and insurer's by-laws not prohibiting transfer of beneficiaries for valuable consideration.

2. Insurance ⊂∞783 — Insured's contract to make children beneficiaries held binding by estoppel though he had no assignable interest in policy.

One contracting with his children, for valuable consideration, to make them beneficiaries of life insurance policy, held to have created a contract binding after his death by estoppel, though he had no vested assignable interest.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by C. E. Waterhouse and others against the Locomotive Engineers' Mutual Life & Accident Insurance Association and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

John T. Hill, of El Paso, for appellants.

Jones, Hardie & Grambling, of El Paso, for appellees.

### Findings of Fact.

HARPER, C. J. The Locomotive Engineers' Mutual Life & Accident Insurance Association, a fraternal benefit society, issued its two certificates or policies of insurance for $1,500 each, to Paul Derr, a member, "benefit payable to Fannie Derr and Mrs. Paul Derr, wife, or the insured lawful heirs." Thereafter the wife died, leaving three daughters and one son, living at the dates hereinafter narrated, and who are appellees herein. Thereafter on November 9, 1914, said Paul Derr, as party of the first part, and Alice Waterhouse, his daughter, party of the second part, executed the following agreement, in substance:

"That in consideration of the said Alice Waterhouse, Julia A. Kepley, Maggie Akers, joined by their respective husbands, and John O. Derr, conveying to the said Paul Derr, lot 26,

---

in Blk. 35, Sunset Heights addition to El Paso, said party of the first part hereby assigns, transfers and delivers to party of the second part, to be held for the use and benefit of herself and her two sisters and brother, a promissory note for the sum of $5,000.00. * * * With the understanding that all interest accruing shall be paid to said Paul Derr, etc. Party of first part also agrees to have his policy of insurance in the Brotherhood of Railroad Engineers changed so that it shall be payable to his daughter Alice Waterhouse, in trust for her sisters and brother, and further agrees to have the policy changed and delivered to party of second part."

The property was transferred as agreed, on same date. It was the homestead of the mother and father prior to the mother's death, and purchased during coverture. New certificates were issued to Alice Waterhouse, beneficiary, October, 1914. At the time of these transactions Paul Derr had married the second wife. Derr paid the assessments up to October, 1915, at which time he notified the association that he would not pay any more, whereupon Alice Waterhouse paid them up to February, 1921, and tendered all others. Those paid have not been returned to her. On October 16, 1920, Derr procured the beneficiary to be changed to Amanda Derr, his then wife, and paid the assessments from February, 1921, up to his death, which occurred November 9, 1922.

This suit was instituted by the daughters and son above named against the association and Amanda Derr for the face of the policies. The court instructed a verdict for the plaintiffs, and entered judgment accordingly. It recites that the $3,000 had been paid into court by the association, but it has joined in a supersedeas bond on appeal.

## Opinion.

[1] Appellants' proposition is that since the by-laws of the association, as well as article 4832, Rev. Civ. Stat. of Texas, provide that a member shall have the right to designate and from time to time change his beneficiary in accordance with the laws, rules, and regulations of the society, provided such designated beneficiary comes within the class fixed or designated, and since the wife is within that class, and that she is the last to be designated, she becomes the beneficiary as a matter of law. And, again, that Paul Derr had no vested right in the policy, so declared by statute, and therefore he could not bind himself by contract to assign the policy in payment of a debt.

Appellees say that although the insured in a mutual benefit association has the right to change the beneficiary at will, nevertheless, when for a valuable consideration he designates a certain beneficiary, and by implication agrees that such beneficiary shall not be changed, he cannot thereafter change so as to defeat her rights.

The appellees' counter proposition next above is sustained by weight of authority. Savage v. Modern Woodmen, 84 Kan. 63, 113 Pac. 802, 33 L. R. A. (N. S.) 773; Coleman v. Anderson, 98 Tex. 576, 86 S. W. 730; Eatman v. Eatman (Tex. Civ. App.) 135 S. W. 165. See 24 A. L. R. 762, and cases cited.

We think the question very doubtful under the Texas statute, but since the policies were issued prior to the enactment of the statute, and the by-laws not prohibiting a transfer of beneficiaries for a valuable consideration, that the statute does not apply to the present contract, anyway the equity of the case requires that it be held that he was bound to observe his contract with Mrs. Waterhouse. Boehmer v. Kalk, 155 Wis. 156, 144 N. W. 182, 49 L. R. A. (N. S.) 487; Anderson v. Grand Lodge, United Brothers of Friendship of Tex. (Tex. Civ. App.) 248 S. W. 461.

[2] There is no question of assignment of any interest by Paul Derr; undoubtedly he had no vested interest whether the statute applies or not; but upon the principle of estoppel he has contracted for valuable consideration to make and leave his children by his first wife beneficiaries, and he should now be held to it, and since they are of the class designated by the by-laws of the association which may be designated beneficiaries.

Affirmed.