## SMITH v. SCHOELLKOPF.
### No. 2950.

Court of Civil Appeals of Texas. El Paso.
Feb. 1, 1934.

Rehearing Denied Feb. 21, 1934.

See, also, 63 S.W.(2d) 234.

Linden & Linden, of San Antonio, for plaintiff in error.

Locke, Locke, Stroud & Randolph, of Dallas, for defendant in error.

HIGGINS, Justice (after stating the facts as above).

The questions presented by Mrs. Smith are stated in her brief as follows:

"(1) Whether the insurable interest of a partner under the conditions alleged in the pleadings can extend beyond the termination of the partnership so as to entitle him to receive the proceeds of a policy as a creditor when the plain provisions of the policy and contract of insurance, which have been complied with, provide that the insured shall at all times have the right to change the beneficiary without the consent of the beneficiary named in the policy.

"(2) Whether or not when the insured has used all the means within his power and control to avail himself of his contractual right to change the beneficiary in the policy and such change is defeated only by the defendant in error's refusal to surrender the policy; such change becomes effective on the proposition that that is regarded 'as having done that which ought to have been done.'

"(3) Whether or not when the plaintiff in error Mrs. Jennie Smith sued in the alternative as an heir the defendant in error Schoellkopf could legally be permitted to testify to the existence of a debt owing by the insured to him and to the fact that said debt had not been paid.

"(4) Whether or not the claim of the defendant in error, Schoellkopf, against Karl M. Smith was barred by the two years statute of limitation before he took any action to enforce same, such statute of limitation having been specially pleaded by the plaintiff in error."

In Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 275, 47 Am. St. Rep. 107, a policy was issued upon the life of L. B. Chilton payable to Cheeves & Chilton, a partnership composed of the assured and Cheeves. The partnership was dissolved. Thereafter Chilton died and his administrator sued the assurer upon the policy making Cheeves a party. The assurer admitted liability. The contest was between the administrator and Cheeves over the proceeds of the policy.

There was no allegation in the answer of Cheeves that Chilton was indebted to Cheeves & Chilton, or to Cheeves, or in what respect Cheeves had any interest in Chilton's life except that he was a partner when the policy was issued.

It was held that the insurable interest of Cheeves terminated upon the dissolution of the partnership and that he could not maintain his claim to the proceeds of the policy.

But in the course of the opinion Judge Brown said:

"The law permits one who is interested in the life of another to become the owner of insurance upon the life of such other person, either by contracting with the insurance company, or by contract made by the party whose life is insured, or by assignment of the policy after it is issued. If, however, the interest is of a definite character, as that of a creditor of the insured, or of one who may, from the life of the insured, reap some pecuniary advantage of a definite nature, the interest of the holder of such policy will be limited to the amount of such liability at the death of the insured, together with such amount as he has paid to preserve the policy, with interest thereon, and the remainder will be given to the estate of the party insured. Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626 [7 L. R. A. 189]; Insurance Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621 [7 L. R. A. 217, 16 Am. St. Rep. 893]; Goldbaum v. Blum, 79 Tex. 638, 15 S. W. 564. If the interest of the policy holder should cease before the death of the insured, as if the debt should be paid and premiums advanced, then the whole of the policy will go to the estate of the insured. * * *

"We will not undertake to enumerate the different phases of facts in which the firm might be interested in such a policy, nor when it might be regarded as assets of the firm for the whole amount. It is sufficient to say that no such state of facts is alleged as gives to the firm such right, nor to the claimant, Cheeves, any right by reason of a liability for the debts of the firm. The answer shows that Chilton did not owe the firm any remaining debt, and that the property was more than sufficient to pay all firm debts, for Cheeves assumed all such debts, and, in addition, paid to Chilton several thousand dollars for his interest therein. The firm had no right to the policy, as such. The answer, however, does allege that the premiums upon the policy, to amount of $1,180, were paid by the firm out of its assets; and this would create a charge upon this policy in favor of the firm, with the right to be reimbursed, with interest, out of the proceeds of the policy, the same as if it had been paid by a creditor whose debt had been paid, or when the debt was not equal to the amount named in the policy. This right existed in the firm at dissolution, and, by the transfer of Chilton, passed to Cheeves."

The implication of these excerpts from the opinion is that if Chilton had been indebted to Cheeves at the time of the former's death, then Cheeves would have been regarded as having an insurable interest in the life of Chilton to the extent of such indebtedness.

The present record shows that Smith at the time of his death was indebted to Schoellkopf in an amount greatly in excess of the amount payable upon the policy, and it would seem that in Judge Brown's opinion this gave to Schoellkopf an insurable interest in the life of Smith, which survived the dissolution of the partnership and continued until Smith's death.

■ But whatever may be the correct interpretation to be placed upon the opinion referred to, it is certain that under article 5048, R. S., the insurable interest of Schoellkopf survived the dissolution of the partnership to the extent at least of the indebtedness of $13,350, owing by Smith to Schoellkopf as his share of the partnership losses. Brammer v. Wilder (Tex. Com. App.) 57 S.W.(2d) 571.

The question now arises as to the right of Smith to change the beneficiary in accordance with the terms of the policy and as he attempted to do by naming the plaintiff in error as such beneficiary.

The first excerpt quoted from Cheeves v. Anders, supra, states that one interested in the life of another may become the owner of insurance upon the life of such other person "by contract made by the party whose life is insured."

■ The authorities support the view that an insured person, who, for a valuable consideration, has so contracted, cannot at will rescind his contract and designate another beneficiary, even though the policy contains stipulations authorizing such change. The collateral agreement between the assured and the person with whom he has contracted is binding upon the assured upon the principle of estoppel. 37 C. J., p. 579; 2 Couch Cyclopedia of Insurance Law, pp. 829 and 852; 7 Cooley Briefs on Insurance (2d Ed.) p. 6432; Locomotive, etc., v. Waterhouse (Tex. Civ. App.) 257 S. W. 304; Coleman v. Anderson, 98 Tex. 570, 86 S. W. 730; Kelly v. Searcy, 100 Tex. 566, 102 S. W. 100; Lord v. New York Life Ins. Co., 95 Tex. 216, 66 S. W. 290, 56 L. R. A. 596, 93 Am. St. Rep. 827; Eatman v. Eatman (Tex. Civ. App.) 135 S. W. 165; Gillham v. Estes, 158 Ill. App. 211; Supreme

Council Royal Arcanum v. Tracy, 169 Ill. 123, 48 N. E. 401; Bush v. Kansas City Life Ins. Co. (Mo. Sup.) 214 S. W. 175.

Under the facts shown above this case falls within the rule stated and supported by the authorities cited. The attempt of Smith to change the beneficiary from Schoellkopf to his wife was ineffective.

The matter of limitation presents no error. The four year and not the two-year statute of limitations applies. Article 5527, subd. 3, R. S.

Schoellkopf's right of action against Smith for contribution did not accrue until the partnership affairs had been settled and the debts paid by Schoellkopf. Roberts v. Nunn (Tex. Civ. App.) 169 S. W. 1086; Easley v. Clay (Tex. Civ. App.) 16 S.W.(2d) 888; Bluntzer v. Hirsch, 32 Tex. Civ. App. 585, 75 S. W. 326.

His answer and cross-action was filed within such four-year period.

But it is unimportant if Schoellkopf's right of action against Smith for contribution was barred by limitation. The action here is upon the policy which is payable to Schoellkopf and which did not mature until Smith's death. If Smith's debt was barred, such fact would not defeat the right of Schoellkopf to recover upon the policy. 7 Cooley's Briefs on Insurance (2d Ed.) p. 6498; 7 Couch Cyclopedia of Ins. Law § 1662; First National Bank of Beeville, Texas, v. Security Mutual Life Ins. Co., 283 Mo. 336, 222 S. W. 832; Bush v. Kansas City Life Ins. Co. (Mo. Sup.) 214 S. W. 175; Townsend v. Tyndale, 165 Mass. 293, 43 N. E. 107, 52 Am. St. Rep. 513; Connecticut Mut. Life Ins. Co. v. Dunscomb, 108 Tenn. 724, 69 S. W. 345, 58 L. R. A. 694, 91 Am. St. Rep. 769; Rawls v. American Mut. Life Ins. Co., 27 N. Y. 282, 84 Am. Dec. 280.

The question presented by the ruling admitting the testimony of Schoellkopf arises upon an alternative plea of Mrs. Smith. The theory of this alternative plea is that, if she was not entitled to the fund as beneficiary, then she was entitled thereto as the heir of the assured and in that capacity she claimed the fund.

The objection to Schoellkopf's testimony is founded upon article 3716, R. S., sometimes referred to as the "dead man" statute. Under the ruling in Spencer v. Schell, 107 Tex. 44, 173 S. W. 867, the competency of Schoellkopf's testimony is doubtful. Assuming that it was incompetent, the error in admitting the same is harmless because by other witnesses and documentary evidence the claim of Schoellkopf was fully and completely established and no evidence to rebut his claim was offered.

In cases tried before the court without a jury error in the admission of evidence is regarded as harmless where the judgment rendered is sufficiently supported by other competent testimony.

See cases cited in 1 Michie Digest, 794. For this reason the admission of Schoellkopf's testimony, if incompetent under the statute, was harmless.

Affirmed.