Aureilo LEAL, Appellant,

v.

Carmen LEAL et al., Appellees.

No. 14475.

Court of Civil Appeals of Texas.

San Antonio.

March 17, 1966.

Rehearing Denied April 6, 1966.

Werner A. Gohmert, Alice, for appellant.

Burris & Burris, Alice, for appellees.

BARROW, Justice.

This is an interpleader action brought by appellee American National Insurance Company, against appellee Carmen Leal, and appellant, Aurelio Leal, to determine ownership of the proceeds of a $1,000 life insurance policy issued by interpleader on the life of Ramon Leal, deceased.

A summary judgment was granted on behalf of Carmen Leal determining that she was the owner of the proceeds and on behalf of the Company, determining that it was entitled to recover reasonable attorney's fees of $150.00, as well as $27.35 court costs and expenses.

The uncontradicted evidence shows that on January 4, 1965, the Company issued its policy of insurance on the life of Ramon Leal and his brother, Aurelio R. Leal, was

designated as beneficiary. The policy contained a provision authorizing the assured to change the beneficiary of the policy by written request. On March 23, 1965, Ramon Leal executed a change of beneficiary in favor of his minor daughter, Carmen Leal. On April 19, 1965, which was the date of Ramon's death, the Company issued a duplicate policy of insurance showing Carmen as the beneficiary.

Appellee, Carmen Leal, based her motion for summary judgment on the written provisions of the policy showing her as beneficiary at the time of Ramon's death. Appellant filed his affidavit opposing this motion wherein he stated:

"That on the 28th day of December, 1964, Ramon Leal, who is my brother, had been living in my house with me and my family in Corpus Christi, Texas, for over a year, and was a member of my household. On that date, an insurance man came to see me about buying insurance and I bought a policy for myself. I talked to Ramon Leal about some insurance and we agreed that since he was living with me and that if anything would happen to him, I might have to take care of him. *We agreed that he would take out a life and accident insurance policy and make me the beneficiary, and that I would pay all the premiums on the policy for him as well as the policy on myself.* The insurance salesman took our applications and I paid the deposit on each policy. Thereafter I paid all the premiums on my policy and his policy. When we got our policies, we kept them at my house in Corpus Christi with other papers we had there. Ramon Leal knew I had the policies of insurance at my house. The policies were never lost or destroyed.

"While Ramon Leal was in the hospital just before he died, I visited him and at no time did he ask me about the policy. I talked to the wife of Ramon Leal too, and she never mentioned the insurance policy, nor did she ask about it." (Emphasis added.)

 In our opinion the affidavit of Aurelio Leal raises a fact issue that he paid the premiums on the life insurance policy under an agreement with assured, Ramon Leal, that Aurelio would be the beneficiary under this policy. He pleaded such an agreement in his cross-action seeking the proceeds. Since appellee did not plead failure of consideration this question is not before us. Rule 94, Texas Rules of Civil Procedure.

Under the general rule, which is followed in Texas, where the person designated as beneficiary pays the premiums pursuant to an agreement that he shall remain the beneficiary or receive the proceeds of the policy, such person acquires a vested right in the policy regardless of whether the assured retains the right, under the terms of the policy, to change the beneficiary. 46 C.J.S. Insurance § 1176; Appleman, Insurance Law and Practice, § 922; Smith v. Schoellkopf, Tex.Civ.App., 68 S.W.2d 346, no wr. hist.; Locomotive Engineers' Mutual Life & Accident Ins. Ass'n. v. Waterhouse, Tex.Civ.App., 257 S. W. 304, wr. ref.; Eatman v. Eatman, Tex. Civ.App., 135 S.W. 165, no wr. hist.

In Smith v. Schoellkopf, supra, the rule was stated: "The authorities support the view that an insured person, who, for a valuable consideration, has so contracted, cannot at will rescind his contract and designate another beneficiary, even though the policy contains stipulations authorizing such change. The collateral agreement between the assured and the person with whom he has contracted is binding upon the assured upon the principle of estoppel."

In Eatman v. Eatman, supra, the Court expressly recognized this rule, but held it was not applicable since the wife, who was the first beneficiary, had stopped making the premium payments several months before the assured changed beneficiaries, and her failure to comply with the agreement

reinstated the assured's right to substitute another beneficiary.

Here the affidavit of Aurelio states: "We agreed that he (Ramon) would take out a life and accident insurance policy and make me the beneficiary, and that I would pay all the premiums on the policy for him as well as the policy on myself." It was further stated that the policy remained in Aurelio's possession and that he paid all premiums prior to the death of his brother. It is true that Aurelio's affidavit did not state that Ramon agreed to make him an "irrevocable beneficiary" or "not to change the beneficiary"; however, such can be fairly inferred from their agreement.

In Locomotive Engineers' Mutual Life & Accident Ins. Ass'n. v. Waterhouse, supra, the Court held that an agreement to have a policy of insurance "changed so that it shall be payable to his daughter" was an agreement by implication that such beneficiary should not be changed, although the insured had the right under the by-laws of the association to change the beneficiary.

■ Appellant also asserts that the trial court erred in granting the Company's motion for summary judgment in that the question of what is a reasonable attorney's fee is a fact question. No question is raised as to the necessity of this interpleader action. In support of its motion, the Company filed an affidavit from its attorney detailing the amount of time spent on the case and stating that a reasonable attorney's fee would be $150.00. This affidavit was not controverted and supports the summary judgment in this amount.

In Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.1964), the Supreme Court recognized that a summary judgment may be granted for attorney's fees where the uncontradicted affidavit shows that affiant is qualified to express an opinion as to the reasonableness of the fee and sets forth the basis for such an opinion under the circumstances. Here the uncontroverted affidavit by a qualified witness set

forth a reasonable fee and the basis for same.

The judgment is affirmed insofar as it discharges the American National Insurance Company with its costs, including reasonable attorney's fee in the sum of $150.00. This claim is hereby severed and the cause of action between Carmen Leal and Aurelio Leal as to ownership of the proceeds is reversed and remanded for trial. The costs of this appeal are taxed one-half against the appellee, Carmen Leal, and one-half against appellant, Aurelio Leal.

MURRAY, Chief Justice.

I do not concur in the opinion of the majority and here give the reasons for my dissent. The majority seem to base their opinion upon the following statement:

"Under the general rule, which is followed in Texas, where the person designated as beneficiary pays the premiums pursuant to an agreement that he shall remain the beneficiary or receive the proceeds of the policy, such person acquires a vested right in the policy regardless of whether the assured retains the right, under the terms of the policy, to change the beneficiary. 46 C.J.S. Insurance § 1176; Appleman, Insurance Law and Practice, § 922; Smith v. Schoellkopf, Tex.Civ.App., 68 S.W.2d 346, no wr. hist.; Locomotive Engineers' Mutual Life & Accident Ins. Ass'n. v. Waterhouse, Tex.Civ.App., 257 S.W. 304, wr. ref.; Eatman v. Eatman, Tex.Civ. App., 135 S.W. 165, no wr. hist.

"In Smith v. Schoellkopf, supra, the rule was stated: 'The authorities support the view that an insured person, who, for a valuable consideration, has so contracted, cannot at will rescind his contract and designate another beneficiary, even though the policy contains stipulations authorizing such change. The collateral agreement between the assured and the person with whom he has contracted is

binding upon the assured upon the principle of estoppel.' "

I readily agree to these statements of the law, but the trouble is that the affidavit of Aurelio Leal filed herein shows that he and Ramon Leal consented to make Aurelio beneficiary if he would pay the premiums and nothing more. Ramon did not agree to make Aurelio his irrevocable beneficiary; Ramon did not agree that at his death Aurelio should have the proceeds of the policy or anything of that kind, but he reserved, in the insurance policy itself, the right to change the beneficiary, which fact Aurelio knew, or should have known, because he was in possession of the policy.

A mere beneficiary under a policy containing a right on the part of the insured to change the beneficiary, has no vested right in the proceeds of the policy prior to the death of the insured. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L.R. 761; Vol. 2, Revised, Appleman, Insurance Law and Practice, § 921, p. 505.

Equities may arise in favor of the beneficiary named in the policy which will deny the insured the right to change the beneficiary, but here it would seem that the equities are the other way. Ramon took out the policy on December 28, 1964, and died with cancer on April 19, 1965, after Aurelio had paid only three or four premiums, none of which were paid after the change of the beneficiary. During the time Aurelio was paying the premiums he was the beneficiary. The change in beneficiary was from insured's brother to his own daughter.

As to the holding that there was a contract based upon a consideration between the two brothers for the payment of the premiums, it is clear that the majority are in error in so holding. The consideration referred to in this line of decisions relates to a consideration passing from the beneficiary to the insured. There was no consideration passing from Aurelio to Ramon. Ramon got nothing out of this transaction if he did not have the right to change his beneficiary. Aurelio paid Ramon nothing to take out this policy of insurance. Ramon would get nothing while living and nothing at his death. If it be true, as stated by the majority, that Ramon had no interest in the policy, not even the right to change his beneficiary, what difference could it make to him whether the premiums were paid or not. Lovinger v. Garvan, 2 Cir., 270 F. 398; Thomson v. Thomson, 8 Cir., 156 F.2d 581; Vol. 2, Revised, Appleman, Insurance Law and Practice, § 922, p. 514.

A case I regard as being very much in point is Novosel v. Sun Life Assur. Co. of Canada, 49 Wyo. 422, 55 P.2d 302, rehearing denied, 57 P.2d 110.

I respectfully dissent from the opinion of the majority.