**HEATLEY v. W. P. PONDER & SONS et al.**

**No. 3637.**

Court of Civil Appeals of Texas. Amarillo.

June 24, 1931.

R. H. Cocke, of Wellington, for appellant.

R. H. Templeton, of Wellington, for appellees.

RANDOLPH, J.

This suit was filed by appellant against appellees in the district court of Collingsworth county, Tex. The trial court sustained a number of special exceptions to plaintiff's petition, and the plaintiff declining to amend his petition, the court dismissed the case. From this action of the court appeal has been taken to this court.

We are confronted at the outset of the consideration of this case with a number of objections to our consideration of the appellant's brief. The appellees cite rules 23, 24, 25, 26, and 30, governing the Courts of Civil Appeals in the preparation of appeals to this court, and, among other objections, raise the question that appellant has failed to file assignments of error in the trial court or to bring such assignments forward in his brief in this court, and to support same with statements, as required by law.

The Forty-Second Legislature recently passed an act, namely, "H. B. No. 1002" (Vernon's Ann. Civ. St. arts. 1757, 1846), an act to amend articles 1757 and 1846 of the Revised Civil Statutes of Texas, 1925, and declaring an emergency, in which it is provided, in all cases appealed to the Courts of Civil Appeals or taken to the Supreme Court, it shall be sufficient if said briefs contain the following:

"1. A statement as to the nature and result of the suit.

"2. The alleged error or errors upon which the appeal is predicated.

"3. The authorities relied upon.

"4. A statement or argument on the errors assigned."

It is further provided in this act that the Supreme Court may adopt rules with reference to the form and time of filing of briefs generally, but not inconsistent with the provisions thereof.

██ It was the evident purpose of the Legislature in the passage of this act to simplify the method of briefing a case in this court, and in furtherance of that purpose, we will give the act a liberal construction.

Appellant's brief complies with the requirements contained in the act. There is a statement of the case contained in it; the alleged errors of the trial court are pointed out; the authorities relied upon are given; a statement or argument follows the errors pointed out.

██ If it is true that no assignments of error were filed in the trial court, none are required. If it is only necessary that the brief point out the errors upon which the appeal is predicated, what purpose would be served by the filing of assignments of error in the trial court? This act does not require that the errors pointed out in the brief be based upon an assignment of error duly filed in the trial court. This being true, what office has an assignment of error to perform? The "errors pointed out" are not to be designated by the time-honored term of assignment of error, but they are intended to be just as potent when pointed out. It may be said that this procedure as set out in the brief gives the trial court no opportunity of correcting its errors. Neither does the appeal from a judgment in a case tried before the court without the intervention of a jury. Trying a case before the court, when a judgment is rendered, all that is necessary to speed the case on its appeal to the Court of Civil Appeals is for the judgment to be duly excepted to. When this is done, the law presumes that the trial court has lost his interest in the case and the rule requiring assignments of error to be filed needs no approval of same by the trial court. The disposition of a case upon the law of the case by the court, as in the case at bar, is on a like basis with a judgment rendered upon the facts and law when a case is tried before the court. For that reason the trial court need not have his errors pointed out to him, but they are left to be passed on by the appellate courts.

We therefore overrule all objections to our consideration of the appellant's brief.

The questions submitted on this appeal arise by reason of the rulings of the trial court upon the plaintiff's pleadings.

The plaintiff's second amended original petition alleges substantially as follows: That all matters and things transacted and done pertinent hereto were transacted in the state of Texas and principally in Collingsworth county, Tex., and that during all of said times since plaintiff's cause of action accrued, the defendants and each of them have been nonresidents of the state of Texas until within approximately twelve months prior to this date. Plaintiff further alleges that on July 12, 1924, he entered into a written contract with the defendants W. P. Ponder & Sons, a copartnership composed of W. P. Ponder, T. Heatley, H. Cawthon, Elmer Ponder, and Revis Ponder, by the terms of which the plaintiff was to buy cotton for the defendants on a joint account in the state of Texas and especially at Wellington, Dodsonville, Shamrock, and Wheeler, Tex., by the terms whereof plaintiff was to receive as compensation for his services one-half of the profits from the purchase and sale of said cotton during the

cotton season ending in the spring of 1925 (attaching thereto a copy of such contract).

Further plaintiff alleges that by virtue of said contract plaintiff did purchase cotton on said joint account during the cotton seasons of 1924 and 1925, and that therefrom there was a profit made of $19,000, of which this plaintiff is entitled to one-half, or the sum of $9,500, as well as interest thereon from June 1, 1925, to this date, at the rate of 6 per cent. per annum.

That the defendants have failed and refused to give to this plaintiff an accounting of said transactions under said joint account and that the defendants should be required to file in this court a verified accounting of all of said transactions; that all of the books of account are now in the possession of the defendants herein and notice is given to them to produce same on the trial of this cause, or secondary evidence will be offered to prove same; that plaintiff has made repeated demands of defendants for the payment of the amount due him and of and for an accounting of said matters hereinbefore alleged, but that defendants have failed and refused to make such accounting and have failed and refused to pay the amount due him, to his damage $9,500, as well as interest from June 1, 1925, thereon.

Plaintiff prays for an accounting and for judgment for his debt, etc.

The appellees attacked the plaintiff's second amended original petition upon two grounds, briefly stated: (1) That "the contract which is the basis of this suit was not closed and terminated so that the rights of the plaintiff could be settled before November 27, 1929, by reason of the fact that all claims growing out of the transactions under said contract had not been settled against the joint contract account and no notice given," as all this is a conclusion of the pleader and is surplusage and irrelevant in that plaintiff did not declare upon any right or sue for any amount growing out of any transactions that were settled on November 27, 1929, and because said allegations did not form the basis of plaintiff's suit, which is for profits made in buying cotton for the cotton seasons for the years 1924 and 1925. (2) For the reason that the matters and things upon which the plaintiff's suit is based occurred more than two and four years prior to the filing of plaintiff's suit and more than two and four years before the filing of plaintiff's second amended original petition herein, said petition asserting a new cause of action against the defendants different from that asserted in plaintiff's original petition.

■ The action of the trial court in sustaining the above exceptions to plaintiff's second amended original petition was equivalent to the sustaining of a general demurrer to plaintiff's said petition, for the reason that the matters excepted to form the basis of plaintiff's cause of action. This the court recognized when the plaintiff declined to amend, by dismissing the suit.

■ The plaintiff's petition sets out clearly the partnership between the plaintiff and the defendants; the terms of the contract for the buying and sale of cotton; the compensation he was to receive; the performance of his services for the years 1924 and 1925; the sum total of the profits made by the firm; the amount due and owing to plaintiff; the provision in the contract with reference to the time of settlement between plaintiff and defendants.

We are of the opinion that the petition states a cause of action, and that that cause of action has not been barred by the two and four years statutes of limitation (Rev. St. 1925, arts. 5526, 5527).

The contract between the plaintiff and defendants contains this provision: "Settlement is to be made between the parties when cotton purchased is sold and all claims have been settled against the joint account herein provided for." Another term of said contract provides that the contract may be terminated by either party at any time on giving the other party ten days' notice, whereupon all business matters shall be adjusted when all claims are in and settled.

The partnership was organized for the purpose of plaintiff buying and selling cotton during the cotton seasons of 1924 and 1925, but there was and could be no termination of the partnership and settlement of its affairs until all outstanding debts and obligations had been settled. The plaintiff's pleading shows that the Bussy-Watkins suit was an unsettled claim against the firm that was being litigated. Therefore, it was an unsettled claim, each firm asserting a claim against the other, which was finally adjudicated on November 27, 1929. The record fails to disclose that any steps were ever taken to dissolve the partnership under the clause in the contract requiring ten days notice. However, this clause could not become effective until "all claims are in and settled."

■ Whether the relationship between the parties constituted a partnership or was only a contract of employment would not change the application of the provisions as to the termination of the contract only on settlement of outstanding claims. Southern Bag & Burlap Co. v. Boyd (Tex. Com. App.) 38 S.W.(2d) 565.

■ The plaintiff's petition alleges that a partnership existed between the plaintiff and defendants, and this was not denied under oath. On the face of the petition, a partnership is alleged, and, if this was true, the partnership would continue to exist until its dissolution was shown and this was a matter of evidence to be heard on the trial

on the merits. Devine v. Martin, 15 Tex. 26, 27, 28. The settlement of outstanding claims against a partnership is the transaction of partnership business, hence limitation did not begin to run until such transaction was closed. Bluntzer v. Hirsch, 32 Tex. Civ. App. 585, 75 S. W. 326; Roberts v. Nunn (Tex. Civ. App.) 169 S. W. 1086; Easley v. Clay (Tex. Civ. App.) 16 S.W.(2d) 888.

We therefore hold that the statutes of two and four years limitation did not begin to run against plaintiff's cause of action until the settlement of the controversy between Bussy and Watkins Gin Company and the plaintiff's firm.

We therefore reverse the judgment of the trial court and remand the case to that court for a trial on its merits.