**SECURITY UNION INS. CO. v̄. REED et al.**
**No. 2091.**

Court of Civil Appeals of Texas. Beaumont.
Sept. 10, 1931.

Hunt & Hunt and H. G. Butts, all of Houston, for plaintiff in error.

E. B. Pickett, Jr., of Liberty, B. H. Powell, and J. A. Rauhut, both of Austin, for defendants in error.

WALKER, J.

In the lower court appellees (defendants in error) recovered a judgment under the provisions of the Workmen's Compensation Act against appellant (plaintiff in error). On March 30, 1926, Jack Kelly died of injuries compensable under the Workmen's Compensation Act, received while in the course of his employment with Peer Oil Corporation. Appellant was the insurer. Jack Kelly left surviving him a stepmother and the following brothers and sisters: Luther H. Kelly, W. C. Kelly, O. S. Kelly, Mrs. S. M. Knott, Mrs. J. P. Hamilton and Miss Fannie Kelly; half brothers and sisters: Mary Bell Kelly, Artie Lee Kelly, and Mike Kelly. The brothers and sisters, at the time of Jack Kelly's death, were all adults except Fannie Kelly, age nineteen, Mary Bell Kelly, age fifteen, Artie Lee Kelly, age thirteen, and Mike Kelly, age eleven. Luther Kelly, on April 9, 1926, and the stepmother, filed claim for compensation for the death of Jack Kelly. The minor brothers and sisters, who are the appellees herein, filed no claim for compensation, nor did any one with any sort of authority to act for them present, file, or prosecute any claim for them or on their behalf to the Industrial Accident Board. But, pending an adjudication of the claims of the stepmother and Luther Kelly, the names of all of Jack Kelly's brothers and sisters were furnished the board through an affidavit of Luther Kelly filed by him in support of his claim, and not as an amendment to his claim, making his brothers and sisters parties thereto. On July 2, 1926, the board made its final award in favor of the stepmother for all the compensation provided by law for the death of Jack Kelly, and decreed that his brothers and sisters, including the minor brothers and sisters, had no interest in the compensation. The insurer appealed from that award by giving the notice and filing suit in lower court, as required by law, but gave no notice to the minor brothers and sisters, and did not make them parties to the appeal; also it should be said that the minor brothers and sisters gave no notice to the insurer of their dissatisfaction with the award, and in no way prosecuted, or attempted to prosecute, an appeal from the award. Upon trial of that appeal in district court, the stepmother was allowed only 50 per cent. of the compensation.

That judgment was affirmed by this court, 299 S. W. 286, and by the Supreme Court, 6 S.W.(2d) 741, 742. In affirming our judgment, the Supreme Court said, quoting from the opinion of the Commission of Appeals: "That the casualty company is liable to beneficiaries (whoever they may be) in double the amount of recovery allowed is not (on the record) questionable."

On the 7th of March, 1930, the minor brothers and sisters, as above named, filed with the Industrial Accident Board their claim for compensation for the death of their brother, Jack Kelly, asking for relief on two grounds: First, that the award as to them, of date July 2, 1926, was void because they were not legally before the board, and, pleading good cause for the delay in presenting their claim, asked that it be considered and allowed; second, if the board had jurisdiction in the award of July 2, 1926, that it be set aside on the ground of mistake. This application was regularly heard by the board and in all respects allowed. From that award appellant prosecuted its appeal to district court, where, upon trial of the appeal, appellee answered by cross-action, asserting the same grounds of recovery as advanced to the board. The trial in district court was to the court without a jury, with a judgment for appellees. No conclusions of law and fact were filed.

### Opinion.

Appellant has prosecuted its appeal purely upon questions of law, that is, it makes no point against a finding of "good cause" or "mistake," or that appellees were, as a matter of original jurisdiction, entitled to compensation for the death of their brother, Jack Kelly, if under the law, the board and the court had jurisdiction to consider these issues. Appellant's contention is to the effect that the award against the minors of July 2, 1926, was within the jurisdiction of the Industrial Accident Board, no appeal was perfected therefrom, the board had no jurisdiction to review an award except where compensation has been allowed, and, no appeal having been perfected from the award of July 2, 1926, it was final and binding against the minor brothers and sisters, and therefore neither the board nor the district court had jurisdiction to review it or set it aside.

■■ The facts are sufficient to raise the issue that the minor brothers and sisters, nor any one for them, presented their claim to the Industrial Accident Board as a basis for the award of July 2, 1926. Under the provisions of the Workmen's Compensation Act, the Industrial Accident Board had no jurisdiction of the minor brothers and sisters because they had made no appearance before it. Without jurisdiction, any award as to these minor brothers and sisters was void, or at least voidable, and they were not required by law to

perfect any appeal therefrom. The petition filed to the board by the minor brothers and sisters on the 7th day of March, 1930, constituted a direct attack on the award of July 2, 1926, and the facts pleaded were sufficient to give the board jurisdiction to set aside its former award on the ground, either that it was absolutely void or merely voidable, and to sustain its order nullifying and revoking its former order and assuming jurisdiction of this claim. We do not review the facts on good cause further than to say that appellees pleaded good cause, both before the board and in district court, and the evidence was sufficient to sustain the finding thereon in appellees' favor both by the board and by the court. Having annulled and set aside its former award, and having assumed jurisdiction to pass upon appellees' claim under their allegations of good cause, and having found all issues thereon in appellees' favor, it follows that the award made by the board on the application of March 7, 1930, was binding in all respects against appellant, until set aside by its appeal to the district court; and was sufficient to give the district court jurisdiction to entertain appellees' cross-action filed in this case by them in answer to appellant's appeal.

As sustaining their proposition, appellant has cited to us the recent case of Pruitte v. Ocean Accident & Guaranty Corp., Ltd. (Tex. Civ. App.) 40 S.W.(2d) 254, 258. The holding of the court in that case, both as to the facts and the law, is reflected by the following quotation therefrom:

"The Workmen's Compensation Act does not expressly require each beneficiary himself to file a claim with the Industrial Accident Board before that board would be authorized to make an award. The claim as filed by Wm. Pruitte upon the blank furnished by the board, so far as this record discloses, mentions all and gives correct information as to who the beneficiaries of Frank Pruitte were. And we have concluded that this application may be treated as sufficient to invoke the jurisdiction of the board to make an award covering the injury sustained while working at the Marshall Compress.

"Neither do we agree with appellants that the board was without jurisdiction as to the minor, Ester Pruitte, referred to in the application for compensation filed by Wm. Pruitte on September 15, 1928. The general law of Texas has no application with respect to proceedings before the Industrial Accident Board, and since such act has no provision expressly requiring the appearance before the board by next friend or by guardian, the orders of the board are as binding upon the minor beneficiaries as they are upon adult beneficiaries. But we are of the opinion in this case that the application for compensation filed by Wm. Pruitte on September 15, 1928, had the legal effect of an appearance be-

fore the board by Wm. Pruitte as the next friend of Ester Pruitte.

"The application for compensation, however filed by Wm. Pruitte on September 15, 1928 made no mention of the injury sustained by Frank Pruitte while employed by the Jefferson Compress at Jefferson, Tex., and since it is necessary for the board to have an application filed with the board for compensation for an injury before it acquires jurisdiction to make an award (Southwestern Surety Ins. Co. v. Curtis [Tex. Civ. App.] 200 S. W. 1162), it is believed that the Industrial Accident Board never acquired jurisdiction of the injury received by Frank Pruitte on August 31, 1928, while working for the Jefferson Compress until the application of March 28, 1929, was filed. Although this application was filed more than six months after the death of Frank Pruitte and the board made an award denying the compensation, yet an appeal from the ruling was duly prosecuted to the district court of Marion county by filing cause No. 9716 and applicants were entitled to have a trial of this cause by the court and to have determined by the court or jury, if one should be demanded, along with the other issues, the issue of whether good cause existed excusing the filing of the application for compensation within six months as provided for in article 8307, § 4a, R. S. 1925; Texas Indemnity Ins. Co. v. Holloway et al. (Tex. Civ. App.) 30 S.W. (2d) 921."

■ Our holding herein in no way conflicts with that case. We think it is correct to say, as the court said in that case, that each beneficiary is not required to file a claim with the Industrial Accident Board, but that it is sufficient, where the claim filed names all the beneficiaries and is presented for and on their behalf, and that the general law of Texas "has no application with respect to proceedings before the Industrial Accident Board." While we recognize the general principles announced by the court in that case, the facts of the case at bar clearly distinguish it from the case

cited. In this case no one filed a claim for the minors; we mean to say that the claim filed before the Industrial Accident Board did not give the names of the minors, and gave no information by which they could be identified. While it is true Luther H. Kelly signed his name to his claim as follows: "Luther H. Kelly, on behalf of myself and other relatives of deceased. P. O. Box 25, Mont Belview, Tex.," he answered the following question as indicated: "Which of the legal beneficiaries above named are minors? State Ages: None." By this answer Luther H. Kelly represented to the board that none of the other relatives of deceased on whose behalf he filed the application were minors, thereby affirmatively excluding these appellees from the claim. We think this fact clearly invokes the proposition announced by the court in the case just quoted from that "it is necessary for the Board to have an application filed with the Board for compensation for an injury before it acquires jurisdiction to make an award." Now, since no claim was filed for these minors, the board had no jurisdiction of them.

■ In this case appellant filed no assignments of error in the lower court, brought up none in its transcript, and has brought forward no assignments of error in its brief. Because of this omission, appellees move to strike appellant's brief. Prior to the enactment of House Bill 1002 by the Forty-Second Legislature (Vernon's Ann. Civ. St. arts. 1757, 1846), the law was as contended for by appellees. But, under this new legislation, as construed by the Amarillo Court of Civil Appeals in Heatley v. W. P. Ponder & Sons et al., 40 S.W.(2d) 951, appellant's brief was sufficient, and on authority of that case the motion to strike is overruled.

Without discussing appellant's other propositions, it follows that the judgment of the lower court should in all things be affirmed, and it is accordingly so ordered.

Affirmed.