## HARRIS v. HARRIS.
### No. 902.

Court of Civil Appeals of Texas. Eastland.
Oct. 16, 1931.

Rehearing Denied Jan. 8, 1932.

Frank Sparks, of Eastland, for appellant.

Oscar Callaway, of Comanche, for appellee.

HICKMAN, C. J.

This is a divorce suit instituted by appellant against appellee. By a cross-action appellee sought a divorce from appellant and a division of the community property. A jury was demanded, and the case submitted on special issues. Upon the jury's findings, divorce was granted appellant and denied appellee. The court also made division of the community property, and it is against that portion of the judgment that complaint is made.

■ We are first confronted with a motion of appellee to affirm the cause on the alleged grounds that appellant's brief was not filed in time and that no fundamental error appears of record. We have inspected appellant's brief, and find that same contains no assignments of error. We shall therefore not pass on the question presented in the motion of the failure of appellant to file his brief in time, for, since same, as filed, contains no assignments of error, we have not the power or authority to consider it anyway. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846; Natkin Engineering Co. v. Ætna Cas. & Surety Co. (Tex. Com. App.) 37 S.W.(2d) 740.

In the case first above cited, the Supreme Court, in answer to a certified question, stated: "Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record."

We have examined the pleadings, charge of the court, verdict, and judgment to determine whether or not fundamental error appears therein, and have concluded such an error is apparent therefrom, and that the error is of such a nature as to require a reversal of the judgment in part.

One of the special issues submitted to the jury was as follows: "Do you find from the preponderance of the evidence that plaintiff transferred the notes and personal property described in the deed which has been introduced in evidence for a tract of land which is described in said deed, for the purpose of defrauding the defendant?" This issue was answered "Yes."

The deed referred to in this issue was one from J. A. Harris to appellant, and was executed prior to the trial. The land conveyed by the deed was a certain farm in. Mills county, and a part of the consideration for the conveyance was the transfer by appellant to J. A. Harris of certain personal property, including a note for $1,500, executed to appellant by Port Bottling Company, of Corpus Christi. J. A. Harris was not made a party to the suit. Upon the finding that the transfer of this personal property was made for the purpose of defrauding the appellee, the court's judgment set aside such transfer and held same for naught, and, in the division of the property, awarded to appellee the $1,500 note transferred by appellant to J. A. Harris. The farm was not disposed of as a part of the community property, nor were the rights of the parties adjudicated with reference thereto.

■ Since J. A. Harris was not a party to this proceeding, no judgment could be rendered binding upon him affecting his property rights. As between him and appellant, their trade still stands, unaffected by this decree. The only method by which this personal property transferred by appellant to J. A. Harris could be brought back into the community and partitioned between the parties would be by joining J. A. Harris as a party defendant in the suit and procuring a judgment of cancellation binding as against him. Unless that is done, then the property to be divided between the parties hereto consists only of the equity, if any, in the farm, and, the other items of personal property which were not transferred in part payment for the farm. The court, in our opinion, was not authorized to treat the property involved in the transfer for the farm as still belonging to the community. As the matter is left by this judgment, another suit would be required to determine the rights of the parties to the farm. These rights should be finally determined in this suit, and upon another trial, if appellees desire to set aside the transaction between appellant and J. A. Harris, the latter should be made a party defendant and complete relief granted to all par-

ties. Otherwise, the farm should be treated as a part of the community property.

Neither party hereto is complaining of that portion of the judgment granting a divorce to appellant and denying one to appellee. We see no just reason for a retrial of that issue. We have the power to reverse and remand a cause for retrial of the erroneously decided issues alone where the issues are separate and distinct and the error calling for reversal does not affect the issues correctly determined by the trial court. Rule 62a, 149 S. W. x; 3 Tex. Jur. §§ 808–811, and authorities there cited.

We accordingly affirm that portion of the judgment awarding a divorce to appellant, and reverse and remand the cause for another trial on the issue of the proper division of the community property.

Affirmed in part; reversed and remanded in part.

### On Rehearing.

■ A careful reconsideration of this case on rehearing has convinced us that a remand of the cause for a new trial is not necessary, but that the vice inherent in the judgment may be eliminated by a reformation thereof. As pointed out in the original opinion, the court had no jurisdiction to decree a cancellation of the deed from J. A. Harris to W. A. Harris or of the transfer of the personal property from the latter to the former. In so far as the judgment undertook to affect in any manner the rights of J. A. Harris, who was not a party to this suit, the same is void and will be eliminated therefrom. With this provision eliminated, the effect of the judgment is to decree that the transaction between J. A. Harris and appellant was fraudulent as to appellee. We know of no reason why the court would not have jurisdiction to enter that decree. Since appellant transferred this community property in fraud of the rights of the appellee, and since he claims that the farm received therefor is well worth the consideration paid, no injury could result to him by the rendition of a judgment against him in favor of appellee for the value which he received by the transfer.

■ The judgment of the court below vested title to the $1,500 note and the stock of the Port Bottling Company in appellee and divested appellant of all title thereto. It then ordered appellant to deliver said note and stock to the sheriff of Comanche county, Tex., and provided that, should he fail and refuse to do so, appellee have and recover of and from him judgment for the sum of $2,045.50. The court could not vest title in this personal property in appellee in the face of the finding by the jury that same had been transferred to J. A. Harris, but we know no reason why the court could not render a judgment against appellant for $2,045.50, one-half the value of the community property, with a provision that appellant could discharge said judgment by delivering the note and stock to the sheriff of Comanche county within a reasonable time.

We therefore reform the judgment of the trial court so as to provide that appellee have judgment against appellant for $2,045.-50, as one-half of the value of the community estate, with the provision that appellant may discharge said judgment by delivering to the sheriff of Comanche county, within fifteen days after this judgment becomes final, the notes of the Port Bottling Company and the stock in said company described in the judgment below, and that, upon a failure so to do, appellee may have her execution.

■ This decree, in our opinion, will not leave the question of the ownership of the Mills county farm in doubt to be determined by future litigation. Appellee having procured a finding that this property was acquired in fraud of her rights, and having sought and obtained a judgment for the value of one-half of her interest in the consideration paid therefor, will be effectively estopped by the record from hereafter asserting any interest whatever in said farm. The effect of this judgment of reformation will be to divest appellee of all interest in and to said farm.

■ Since our original opinion was released in this case, there has been published an opinion by the Beaumont court in the case of Security Union Ins. Co. v. Reed (Tex. Civ. App.) 42 S.W.(2d) 494, in which it was held that, under the recent act of the Legislature, House Bill No. 1002, Vernon's Annotated Civil Statutes, arts. 1757 and 1846, it is not necessary for an appellant, in order to have his brief considered, to bring up assignments of error therein. This case cites for authority a decision of the Amarillo court in Heatley v. W. P. Ponder & Sons (Tex. Civ. App.) 40 S.W.(2d) 951, a decision which had escaped our notice. We are unable to agree with these decisions. The recent legislation concerning briefs (Acts of the 42d Legislature, 1931, p. 68, chap. 45, § 1, H. B. No. 1002 [Vernon's Ann. Civ. St. art. 1757]), is as follows:

"In all cases appealed to the Court of Civil Appeals and/or taken to the Supreme Court, it shall be sufficient if said briefs contain the following:

"1. A statement as to the nature and result of the suit.

"2. The alleged error or errors upon which the appeal is predicated.

"3. The authorities relied upon.

"4. A statement and/or argument on the errors assigned.

"Provided, however, that the Supreme

Court may adopt rules with reference to the form and time of filing of briefs generally, but not inconsistent with the provisions hereof."

To our minds the second subdivision above copied clearly refers to assignments of error, but, if any doubt arises from the language of this article, it is clearly removed by the provisions of another act of the same Legislature, S. B. No. 65, p. 117, chap. 75, § 1 (Vernon's Ann. Civ. St. art. 1844), reading as follows: "The appellant or plaintiff in error need not file assignments of error with the Clerk of the Court below but he may embody in his brief in the appellate court all assignments of error distinctly specifying the grounds on which he relies. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the Court to the error complained of. The appellee or defendant in error need not file his cross-assignments of error with the Clerk of the Court below but may embody them in his brief filed in the appellate court."

We have no authority to consider any errors except those assigned and those fundamental. It is a question of the jurisdiction of this court. We can perceive no legislative intent evidenced by the language of the act first above cited to make a fundamental change in our procedure and give to this court general jurisdiction to investigate a record and statement of facts in an effort to discover any error of any nature which might have been committed upon the trial of the case. If an appellant wishes to waive an error by not assigning it in this court, no reason can be perceived why he should not be permitted to do so.

The judgment heretofore rendered in this cause reversing and remanding same to the lower court is set aside, and in lieu thereof judgment will be entered reforming the judgment of the court below in the particulars above mentioned. As reformed, it will be affirmed.