## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. McCARVELL et al.

### No. 4341.

Court of Civil Appeals of Texas. Texarkana.
May 30, 1933.

Rehearing Denied June 8, 1933.

Collins & Houston, and Touchstone, Wight, Gormley & Price, all of Dallas, for appellant.

Robertson, Robertson & Payne, of Dallas, and Mayfield & Grisham, of Tyler, for appellees.

SELLERS, Justice.

. T. F. McCarvell sued the Metropolitan Casualty Insurance Company of New York under the Workmen's Compensation Act of Texas (Vernon's Ann. Civ. St. arts. 8306–8309) to recover for personal injuries accidentally sustained in the course of his employment while an employee of John Hooser, who, it is alleged, carried a workmen's compensation policy with the Metropolitan Casualty Insurance Company of New York. From a judgment in favor of the plaintiff, T. F. McCarvell, the defendant, Metropolitan Casualty Insurance Company of New York, has prosecuted this appeal.

 The brief filed by the appellant does not contain any assignments of error and we are therefore without power to consider the propositions of law therein contained, but must confine our consideration of the case to fundamental errors only. Natkin Engineering Co. v. Aetna Casualty & Surety Co. (Tex. Com. App.) 37 S.W.(2d) 740, and authorities therein cited.

There is some confusion at this time among the authorities as to whether assignments of error are required to be in the brief under the acts of the 42d Legislature, c. 45 (Vernon's Ann. Civ. St. art. 1757), but this court, as well as some of the other Courts of Civil Appeals, has held that assignments of error must be contained in the brief of an appellant before the propositions relied upon for reversal can be considered. Lamar-Delta County Levee Imp. Dist. v. Dunn (Tex. Civ. App.) 42 S.W.(2d) 872; Harris v. Harris (Tex. Civ. App.) 44 S.W.(2d) 802; Commercial Standard Ins. Co. v. Noack (Tex. Civ. App.) 45 S.W.(2d) 798.

On April 20, 1933, this case was submitted in this court upon briefs of both parties and by agreement of counsel oral argument was heard on May 11th, and on May 13th appellant filed a motion in this court for permission to amend its brief by adding assignments of error. The motion is overruled. Appellant cites none, and we are unable to find any rule governing Courts of Civil Appeals or other authorities which would authorize the granting of such a motion.

Finding no fundamental error in the record authorizing the reversal of this case, the judgment of the trial court is affirmed.