## PITTS et al. v. THOMPSON.
### No. 11456.

Court of Civil Appeals of Texas. Dallas.
March 31, 1934.

Rehearing Denied May 5, 1934.

Lem Wray and J. C. Lumpkins, both of Waxahachie, for appellants.

J. T. Spencer, of Waxahachie, for appellee.

BOND, Justice.

Appellee, Arch Thompson, in a suit instituted in the district court of Ellis county against appellants and one T. J. Frierson, was awarded judgment for the sum of $594, against T. J. Frierson and a foreclosure of a deed of trust lien on land jointly owned by appellants and said Frierson; no money judgment was sought or rendered against appellants.

This appeal is predicated on the theory that the evidence does not support the judgment, and, in appellants' brief, they assign, as fundamental error, the failure of the testimony to show that the cause of action is cognizable in the district court.

Appellee alleges that, on November 10, 1927, Nancy Toney, the surviving wife of William Toney, executed and delivered to T. J. Frierson four promissory notes in the sum of $125 each, with provisional clauses for interest and attorney's fee, and a deed of trust on about 32 acres of land; that thereafter, Frierson transferred and assigned to appellee said notes and deed of trust; that Nancy Toney married Fin Robson on the 19th day of July, 1929, and on the ——— day of February, 1932, Nancy Toney died intestate in Ellis county, leaving surviving, as her sole heirs, her said husband, Fin Robson, a sister, Mary Pitts, and a half-brother, T. J. Frierson, and that the said heirs inherited said land, under the law of descent and distribution of this state, subject only to the said notes and deed of trust lien. Appellee further alleged that there was no administration pending on the estate of said Nancy Toney Robson and no necessity exists therefor, sought judgment for the principal amount of said notes, interest, and attorney fee, as against the assignor, Frierson, and for a foreclosure of the deed of trust lien as against all the joint owners of the land.

T. J. Frierson adopted appellee's pleading and confessed judgment. Appellants pleaded a general denial, non est factum as to the execution of the notes and deed of trust by Nancy Toney, and alleged that the land was the homestead of said Nancy Toney at the time of the alleged execution of the instruments, was the homestead of herself and husband after her marriage with Fin Robson, and has been the homestead of the surviving husband since her death.

■ The trial of the case revolved around the plea of non est factum. On this issue appellants challenge the proof as being insufficient. The homestead feature is not presented for review, for the reason that Nancy Toney was a widow at the time of the alleged execution of the notes and deed of trust; thus, the existence of the homestead was not a hindrance to the execution of the instruments.

■ The only competent testimony bearing on the issue of the making of the instruments by Nancy Toney is that of appellee's attorney, J. T. Spencer, a nonexpert witness,

who testified that he knew the signature of Nancy Toney; that about two years before the suit was filed, she came to his office and, being advised that she denied the execution of the notes and deed of trust, had her to sign her name on a piece of paper, compared it then with the signatures on the disputed instruments, and from the comparison thus made, the witness determined then that she signed the notes and deed of trust; that his knowledge of her signature is based solely on the experiment of Nancy Toney writing her name the one time and comparing it with the signatures on the notes and deed of trust. He further testified that he had misplaced the piece of paper on which she had written her name.

The related testimony of the witness Spencer was, in our opinion, admissible on the issue involved. The experiment made in having Nancy Toney to write her name, and he in turn comparing it with the signatures in dispute, and from that determining the genuineness of the disputed signatures, goes to the weight of his testimony, and is addressed to the trial court for determination. A non-expert witness may testify as to the handwriting of another where he has seen him write, even though he has seen him write but once, and then only his name. Cairrell v. Higgs, 1 Posey, Unrep. Cas. 56. Such testimony does not come under the rule governing comparative instruments, requiring the production of the instrument into court for inspection.

There was further testimony offered, tending to show that the signatures on the notes and deed of trust were the same as the signatures on the back of a check claimed to have been written by the same party; the signature on the check was not introduced in evidence, its genuineness was not admitted, nor was it established as being the signature of Nancy Toney, nor was the check and signature otherwise relevant to any issue in the case; thus, the testimony fails for the lack of sufficient predicate standard of comparison. It is an established rule in this state that, in order for a handwriting to be used as a standard of comparison, its genuineness must be admitted by the opposite party, or must be established by clear and undoubted proof; that is, either by direct evidence or by some equivalent evidence; and that the standard of comparison be admitted in evidence. 17 C. J. 697. Therefore, such testimony having for its basis the signatures on a check which was not admissible, and at least was not admitted in evidence, can have no force in establishing the signatures in dispute. However, the case was tried before the court, and there being sufficient competent testimony to sustain the judgment, we must assume that the trial court disregarded all irrelevant and incompetent testimony, and only accepted as true that which sustains its action.

Suits against heirs of a deceased, involving property inherited by them, are usually cognizable in the county court. Under the Constitution and laws of this state, the county court alone has jurisdiction of matters probate, and that the district court has only appellate jurisdiction and general control in probate matters over the county court. Constitution, art. 5, §§ 8, 16; Franks v. Chapman, 60 Tex. 46; Heath v. Layne, 62 Tex. 694. An exception to this rule, however, is that courts having jurisdiction of the subject-matter have original jurisdiction of suits involving estates of decedents, where there is no administration pending on the estate and no necessity therefor. To acquire jurisdiction in such courts, it is essential that the petition allege the exception and the proof must follow the allegation. In this case, appellee alleges that there was no administration pending on the estate of Nancy Toney, and that there is no necessity for such administration. The statement of facts shows that the land involved here embraces the entire estate of the deceased, was the homestead of herself and husband at the time of her death, and that the only indebtedness to which the estate could be subjected is that due appellee. Obviously, there was no necessity for administration, the homestead was not liable for the payment of any other debt, and, in the absence of the necessity therefor, the county court was not authorized to administer or acquire jurisdiction of the estate. It is true, there is no evidence showing that administration was or was not pending on the estate, and such issue was not presented by demurrer or pleadings, or raised in appellants' motion for a new trial. The question is for the first time assigned in appellants' brief as being fundamental error, in that, the statement of facts fails to show that an administration was not pending. In our opinion, circumstances forcibly lead to the conclusion that no administration was pending on the estate, as stated, the property was an undisputed homestead, and was not subject to be administered by the county court; thus, there was no necessity for an administration, and we are constrained to hold that the county court did not assume to take jurisdiction

of an unnecessary matter. Be that as it may, the fact that there is no evidence to support a finding that an administration was not pending, to entitle appellant to present the question, apparent only in the statement of facts, renders it necessary that the error be properly brought to the attention and ruling of the trial court. Such essentials cannot be taken advantage of as presenting fundamental error to be raised for the first time in the Court of Civil Appeals. Such does not present an error apparent of record, which the court will be required to consider when a determination of the existence of the error necessitates an examination by the appellate court of the entire statement of facts.

Being of the opinion that the record presents no reversible error, judgment of the lower court is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellants challenge our conclusion as to the record showing sufficient evidence to establish that there was no administration pending on the estate of Nancy Toney Robson, no necessity therefor, and that appellants were not entitled to present the question, as same was not called to the attention of the trial court by exceptions, demurrers, or in their motion for a new trial, therefore, does not present an error apparent of record, and which this court is not required to consider when a determination of the existence of the error necessitates an examination of the statement of facts.

On reviewing the record, we find that this cause was tried to the court without a jury, and at the conclusion of the testimony, appellants presented a motion for an instructed verdict, also in due time, a motion for a new trial, objecting to the judgment entered, both of which motions were overruled, and to the action of the court appellants excepted. On authorities of Heatley v. Ponder (Tex. Civ. App.) 40 S.W.(2d) 951, Security Union Ins. Co. v. Reed (Tex. Civ. App.) 42 S.W.(2d) 494, we are of opinion that all errors set out in an appellants' brief, calling the attention of the Court of Civil Appeals, and/or the Supreme Court, to the failure in proof to establish the essentials of a lawsuit, to confer jurisdiction on a district court, is sufficiently presented, without the necessity of having them specifically called to the attention of the court below. It seems to be the uniform holding of the courts of this state, that where the cause is tried to a court, without a jury, and exceptions taken to the judgment, appellant

thereby reserves all errors upon which the appeal is predicated, and which are disclosed either in the record or statement of facts. Such holdings are based on the interpretation of article 1757, R. S. 1925, as amended, Acts 1931, 42d Leg., p. 68, c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757), providing that, "In all cases appealed to the Court of Civil Appeals and/or taken to the Supreme Court, it shall be sufficient if said briefs contain the following: 1. A statement as to the nature and result of the suit. 2. The alleged error or errors upon which the appeal is predicated. 3. The authorities relied upon. 4. A statement and/or argument on the errors assigned. Provided, however, that the Supreme Court may adopt rules with reference to the form and time of filing of briefs generally, but not inconsistent with the provisions hereof."

We concede our misconception of the record, in holding that the assignments leveled at the jurisdictional issue were not properly before the court. The assignments are incorporated in appellants' brief requiring an examination of the statement of facts to determine the issue raised.

The real estate involved in this suit was the undisputed homestead of Nancy Robson, and her husband, Fin Robson, at the time of her death, and was no part of the decedent's estate for administration, and the payment of debts generally. Appellee's debt and deed of trust lien was the only incumbrance to which the land could be subjected; under the Constitution and laws of this state, exempting homesteads to surviving constituent members of a family. Fin Robson was such a member, thus the homestead descended to appellants, free of any other debt. The probate court, of Ellis county, undoubtedly would have had the exclusive jurisdiction to pass on the validity of appellee's claim and order the property sold for the payment thereof, and the discharge of the lien, except for the rule conferring original jurisdiction on the district court where the pleadings and proof reveal that there is no administration on the estate and no necessity therefor. Such allegation and proof is the exception to the rule which vested the jurisdiction of this case in the district court.

The necessity for an administration is presumed in every case where an estate of a decedent is involved, unless facts are shown that makes it the exception, and where the facts exist, or the presumption indulged, that there was, and/or is, a necessity for an administration, the presumption is that, an administration is pending, and

the district court is without jurisdiction. On the other hand, if the facts show that there never was, and is not now, a necessity for administration, the presumption must be indulged that there is none pending. The necessity for the appointment of an administrator to administer an estate is one of the essential statutory averments for such appointment by a probate court. Article 3332, subd. 4, R. S. 1925.

In this case, under the related facts, we are of opinion, that there never was, and is not now, a necessity for administration on the estate of Nancy Toney Robson. This being true, there was and is nothing on which the administration could acquire jurisdiction to administer. We cannot indulge the thought that a probate court would do an unnecessary thing, all presumptions must be indulged in favor of courts doing only that which is contemplated by law. The appointment is the acme, or culmination, of a necessity; therefore, no necessity having existed for administration, and no estate to be administered, we conclude, in the absence of proof to the contrary, that none is pending. Such, in our opinion, is sufficient to warrant the holding that the district court had jurisdiction of the suit. Appellants' motion for rehearing is overruled.

Overruled.