## CENTRAL SURETY & INSURANCE CORPORATION v. FRENCH.
### No. 9356.

Court of Civil Appeals of Texas. San Antonio.

May 16, 1934.

Rehearing Denied June 27, 1934.

E. C. Gaines, of Austin, for appellant.

Chas. J. Lieck and Wm. E. Calvert, both of San Antonio, for appellee.

SMITH, Justice.

This is a workmen's compensation case in which the employee sought to set aside a compromise award, approved by the Industrial Accident Board, upon the ground that it was fraudulently obtained from him.

Upon a hearing in the district court, the court sustained a plea to its jurisdiction of the question of compensation, but did submit to the jury the question of appellant's alleged fraud in procuring the agreement of the employee to the compromise settlement.

The jury found against the insurance company upon the issue of fraud, and upon that verdict the court ordered cancellation of said agreed award. From that judgment the insurance company has appealed.

Appellee, as administratrix of the estate of the employee, who died pending this proceeding, has cross-assigned error on the ruling of the court upon the question of jurisdiction.

Upon appellee's motion this court has heretofore struck the statement of facts filed herein by appellant, upon the ground that, it being in narrative form and not agreed to by appellee, its filing here is prohibited by statute. Articles 2238, 2239 (Rev. St.), as amended by Acts 1931 (1st Called Sess.), c. 34, §§ 2, 3 (Vernon's Ann. Civ. St. arts. 2238, 2239).

In its brief subsequently filed in this court, appellant for the first time sets up matters which, had they been submitted here in proper form and at the proper time, would have entitled appellant to relief against the loss of its statement of facts. It is now too late to submit those matters; at least it is futile to present them in the form of unverified ex parte statements incidentally set out in appellant's brief.

Appellee has filed a motion to strike appellant's brief, upon the ground that: "Said brief fails to comply with the statutes, and that the same does not contain any Assignments of Errors but only contains propositions which refer to purported Assignments of Errors of which there are none inso-far as appellee has been able to determine from the record in this cause. The said brief itself does not contain 'the alleged error or errors upon which the appeal is predicated,' as required by Amended Article 1757 of the Revised Civil Statutes of Texas, nor does it contain any appropriate record references."

The motion is without merit. The statutes do not require that an appellant's assignments of error be brought forward into his brief. It is only necessary that an appellant set out in his brief "the alleged error or errors upon which the appeal is predicated," which may be done through propositions as safely and as a rule more satisfactorily to a reviewing court, than through assignments of error, as such, so long as the point made was raised below, if required to be raised below. Art. 1757 R. S. 1925, as amended by the Acts 1931 (42nd Leg. p. 68, C. 45, § 1 [Vernon's Ann. Civ. St. art. 1757]); Bustamante v. Haynes (Tex. Civ. App.) 55 S.W.(2d) 137.

The point made that the brief contains no appropriate record references is well taken, but does not authorize the striking of the brief. If record references are necessary to the consideration of any particular point made in the brief, and are omitted from the brief, such deficiency applies only to the particular proposition, which may be, for that reason, disregarded by the reviewing court.

In this case, however, all of appellant's propositions are of no avail, because they rest primarily upon matters of evidence, and, there being no statement of facts with the record, the questions raised cannot be reviewed. Accordingly the judgment against appellant must be affirmed.

The same may be said of appellee's effort to procure a review by this court of the action of the trial court in refusing to take jurisdiction of the employee's claim for compensation. In the absence of a statement of facts, this court is unable to determine upon what set of facts the trial court sustained the plea to the jurisdiction. Appellee has attached to her brief a supplemental transcript into which is copied numerous papers from the record of the Industrial Accident Board, including an unsigned letter purporting to come from the chairman of that board. These papers seem to have been loosely filed in the court below, but for what purpose does not appear. They may have been introduced in evidence upon the question of jurisdiction, but we cannot assume they were, in the absence of a statement of facts, nor can their inclusion in an independent or supplemental transcript answer the purpose of a statement of facts. In this state of the record we must give effect

to the presumption in favor of the right action of the trial court.

■ It should be added, however, that the matters included in the purported supplemental transcript fall far short of a conclusive showing of jurisdiction, even if effect be given every recital and implication therein. Moreover, if such matters make a prima facie showing of jurisdiction, it will still be presumed, in the absence of a statement of facts, that the court heard, considered, and gave effect to other evidence which overcame such prima facie case.

■ Appellee cannot complain of the absence of a statement of facts, for it was upon her own motion that a statement of facts, duly authenticated by the official court reporter and approved by the trial judge, was stricken from the record here, not upon the ground that it was not a full, true, or accurate statement, but upon the purely technical ground that it was in narrative form rather than in question and answer form, and, not having been formally agreed to by appellee, came under the ban of the statute which imposes the latter cumbersome, expensive, and wholly impracticable form upon litigants and appellate courts. Articles 2238, 2239, as amended.

But moreover, and aside from the procedural obstacles to reversal of the trial court's ruling upon the question of jurisdiction, the Commission of Appeals has held, deviously and obscurely, perhaps, but apparently positively, that the district court can acquire no power to adjudicate the question of compensation unless and until the accident board has considered and adjudicated the right of the employee to compensation, and that approval of a compromise settlement, as in this case, is not such an exercise of the original jurisdiction over the question of compensation as will support an appeal to the courts. Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565. This holding has been followed by some of our Courts of Civil Appeals [Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933, writ refused; Benson v. Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966, writ dismissed; Maryland Cas. Co. v. Meyer (Tex. Civ. App.) 41 S.W.(2d) 291; Garsee v. Ins. Co. (Tex. Civ. App.) 47 S.W.(2d) 654] and criticised, with apparently sound reasons, by other Courts of Civil Appeals [Traders' & General Ins. Co. v. Bailey (Tex. Civ. App.) 62 S.W.(2d) 696, writ granted; and Commercial Casualty Ins. Co. v. Hilton (Tex. Civ. App.) 55 S.W.(2d)

120, writ granted], as well as nicely distinguished in the latter case.

It has become quite obvious from practical experience, and more mature consideration, that the decision in the Henderson Case, if it is to become settled law, will result in much confusion, multiplicity of adjudications, and lost motion in the administration of the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), particularly in proceedings to set aside fraudulent settlements of claims.

In any event the record in this case, absent a statement of facts, does not affirmatively present evidence of jurisdictional facts sufficient to overcome the trial court's ruling upon that question, and we will not disturb that ruling.

The judgment is affirmed in all respects.