**TARRANT COUNTY et al. v. HOLLIS et al.**

No. 13254.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 1, 1935.

Rehearing Denied Jan. 3, 1936.

See, also, 76 S.W.(2d) 198.

Samuels, Foster, Brown & McGee, Will R. Parker, and Cecil C. Rotsch, all of Fort Worth, for appellants.

Price & Christopher, of Fort Worth, for appellee American Surety Co. of New York.

Chas. T. Rowland, Lloyd E. Price, and T. S. Christopher, all of Fort Worth, for appellee Hollis.

BROWN, Justice.

The state of Texas and Tarrant County, on the relation of the Governor of Texas and the county judge of said county, respectively, brought suit in the district court of Tarrant county against Chester Hollis, a former county clerk of said county, and American Surety Company of New York, surety on said clerk's official bond, to recover the sum of $1,500 deducted by Hollis out of fees collected by him during the year 1930 as ex officio salary. The petition alleges that "the Commissioners' Court of Tarrant County never at any time authorized or approved any ex-officio salary allowance to the said defendant Hollis, as county clerk for the year 1930, and the deduction of the said fifteen hundred and no/100 dollars ($1500.00) in his annual report and the retention of same by the said defendant Hollis was and is wholly unauthorized and illegal;" etc.

Issue being joined on such allegations, the case was tried to the court and judgment rendered for the defendants.

The trial court made findings of fact and conclusions of law, finding that, while a petition was presented to the county commissioners' court asking for the ex officio salary for the year 1929, yet it was the intention of such court to make the order apply to the year 1930 as well; that it was the custom to so deal with the matter of ex officio fees; that Hollis made his report for the year 1930, showing a deduction by him of such ex officio fees, which was audited by the county auditor and filed with the commissioners' court; that it was not expressly approved by the

commissioners' court in writing, but was under the circumstances actually approved; and that it was not the custom to enter a formal order approving such reports. The court concluded as a matter of law that Hollis was entitled to retain the $1,500 ex officio fees for the year 1930, and that the petitioners are not entitled to recover against the defendants.

The state and county aforesaid have appealed.

We are confronted with the proposition that appellants' brief contains no assignments of error and that none but fundamental error can be considered by us.

Since article 1757 was amended in 1931 by the 42d Legislature, c. 45, § 1 (Vernon's Ann.Civ.St. art. 1757) relating to the sufficiency of briefs, and article 1844, relating to presenting assignments of error, was amended by the same Legislature (Vernon's Ann.Civ.St. art. 1844) a number of cases have appeared in the various appellate courts and the many decisions are confusing.

The Supreme Court, so far as we know, has not interpreted these amended statutes, and neither the trial courts nor the Courts of Civil Appeals have at this time a definite lamp to light the way out.

Judge Harvey, speaking for the Commission of Appeals, said with respect to the above statutes, as amended: "In this particular respect, the amended statute simply dispenses with the filing of assignments of error, as such, in the trial court, and allows them to be presented, in the first instance, in the appellant's brief in the appellate court. There is no discord between amended articles 1844 and 1757, in the respect under consideration, for the latter statute expressly provides for the briefs to contain 'the alleged error or errors upon which the appeal is predicated.' This provision plainly comprehends the assignments of error for which provision is made by the other article." This opinion states that "the brief contains a series of abstract propositions of law, none of them is sufficient to constitute a distinct specification of error, or to direct the attention of the appellate court to the error complained of." Lamar-Delta County Levee Improvement District No. 2 v. Dunn, 61 S.W.(2d) 816, 817.

We are not favored with a sample of the "abstract propositions" in either the opinion of the Court of Civil Appeals or that of the Commission of Appeals, and are not able to make an actual comparison with the situation here.

The Supreme Court approved the recommendation made by the Commission of Appeals and affirmed the judgment of the Court of Civil Appeals wherein such court declined to consider the brief of the appellant.

Bear in mind that the only matter discussed by the Commission of Appeals is a proper construction of the statutes above mentioned.

The Court of Civil Appeals for the Sixth District, in the case of Metropolitan Casualty Insurance Co. v. McCarvell, 60 S.W.(2d) 1061, declined to consider the appellant's brief because it only contained "propositions."

We are not favored with a copy of any of the "propositions," and cannot make a comparison with our situation.

The Supreme Court granted a writ of error in the McCarvell Case, and made the following notation: "The Court of Civil Appeals erroneously held that under Article 1757, R.C.S., as amended by the Acts of 1931, 42nd Legislature, c. 45, § 1 (Vernon's Ann.Civ.St. Art. 1757) it was necessary for appellant's brief to contain formal assignments of error."

We are unable to reconcile the positions taken by the Supreme Court in these cases.

The Commission of Appeals asserts that the brief in the Levee Improvement District Case contains only "abstract propositions of law," and declines to consider the brief.

■ The Supreme Court, in granting the writ of error in the McCarvell Case, says the Court of Civil Appeals has erroneously held that "formal assignments of error" must be incorporated in the appellant's brief before the brief may be considered. It is our opinion that a proposition of law which is sufficient as an assignment of error is a formal assignment of error.

Several of our Courts of Civil Appeals are considering briefs wherein the appellant brings forward no assignments of error. Heatley v. W. P. Ponder & Sons, 40 S.W.(2d) 951 (Amarillo court); Security Union Ins. Co. v. Reed, 42 S.W.(2d) 494 (Beaumont court); Pitts v. Thompson, 71 S.W.(2d) 368 (Dallas court), writ dismissed; Central Surety & Insurance Corporation v. French, 72 S.W.(2d) 699 (San Antonio court), writ dis-

missed; Burns v. J. B. Colt Co., 74 S.W. (2d) 156 (El Paso court); the last-named court adheres to its prior holding in the opinion found in Pelton v. Allen Inv. Co., 78 S.W.(2d) 272.

■ We are of the opinion that we may consider the proposition presented in appellants' brief, even though it appear to be more or less "abstract"; same being: "An order by the Commissioners' Court in January, 1929, providing that the County Clerk shall 'be allowed * * * ex-officio the sum of $1,500.00' is not sufficient authority for the County Clerk to retain $1,500.00 during 1930, after having already retained $1,500.00 in 1929 by virtue of the order."

This proposition brings to our attention the only question in the case at bar; the trial court having held that the county clerk was within his legal rights when he retained the sum of $1,500 during the year 1930, although there was no order of the commissioners' court other than that made in 1929, which order did not refer to the year 1930, in the face of allegations by the appellants that the sum was abstracted by the clerk without an order, or lawful authority.

■ But we are further of the opinion that the record presents fundamental error, and we are not compelled to hold that we may consider appellants' brief in disposing of this cause on appeal. Looking to appellants' petition, the formal denials by appellees, the findings of fact and conclusions of law by the trial court, and the judgment rendered, we find that the trial court rendered judgment for appellees (defendants below) on the theory that the order of the commissioners' court made in 1929 comprehended and was intended to include the year 1930, because it was customary to make one such order every two years and all parties considered it sufficient to cover a period of two years, without the order so stating. In our opinion, there must be an express order on the part of the commissioners' court covering such matters—as allowance of ex officio fees— or, in the alternative, an express approval of the act of the clerk in retaining such fees, where no formal order was theretofore made.

The opinion by Judge Harvey, in Cameron County v. Fox et al., 61 S.W.(2d) 483, speaking for the Commission of Appeals, supports our view. The Supreme Court made the following notation on the opinion: "We approve the holdings of the Commission of Appeals on the questions discussed in its opinion."

■ We do not believe that either indifference on the part of the commissioners' court, or its inaction, in the matter of making a formal order allowing the county clerk the ex officio fees for the year 1930, or in the matter of expressly approving the clerk's act in appropriating such fees to his own use, in the absence of an order, operates to bring into being the right to take and keep such fees on the part of the county clerk.

The judgment of the trial court is reversed, and judgment here rendered for appellants against appellees jointly and severally as prayed for, with 6 per cent. interest from January 1, 1931, and judgment likewise rendered for appellee the American Surety Company of New York against appellee Hollis for a like sum.

On Motion for Rehearing.

■ We do not feel the necessity of discussing the many assignments of error that have been presented in appellees' motion for rehearing, and content ourselves with the discussion of only one, viz., the twenty-fifth assignment of error. In this assignment of error, the appellees insist that this court is without authority, even if it is correct in its conclusion, to render judgment for the sum prayed for, to wit, $1,500, because appellees contend that the proof shows without dispute that the county clerk was entitled to excess fees over and above the fixed statutory salary, which amount to $554.43, and that therefore, if our judgment is correct, it could be for no more than $945.57, with interest.

We think a complete answer to this contention is that appellee Hollis never at any time raised any such issue by his pleading and never made any such contention in the trial court. His answer contained, in addition to his demurrer and special exceptions, only a general denial. Furthermore, the undisputed evidence in the case shows that in making his annual report for the year 1930 the clerk credited himself with the maximum allowed him in the sum of $2,750 and with the so-called ex officio allowance in the sum of $1,500, and he nowhere claimed, nor did he appropriate unto himself, any excess fees. On the other hand, he testified positively that he combined in a lump sum all current fees collected by him and all delinquent fees col-

lected by him, and showed by his testimony that, after deducting the maximum fees allowed him and his so-called ex officio allowance of $1,500, he paid every dollar of the balance to his deputies and assistants, and he testified that he did not have enough money on hand to pay them the maximum sums which were allowed them by order of the commissioners' court, and simply prorated the sums so paid among them. Therefore neither the pleading nor the proof will justify the contention that the clerk was entitled to any excess fees.

The motion for rehearing is overruled.