CHESTER HOLLIS ET AL. v. TARRANT COUNTY ET AL.

No. 7061.   Decided March 16, 1938.
(114 S. W., 2d Series, 240.)

*Price & Christopher, William E. Dahl,* and *Charles T. Roland,* of Fort Worth, for plaintiff in error.

The commissioners' court having formed the practice of entering only one order for each two-year term of office, it was their intention that said order should apply to the second year as well as to the first. Neblett v. Armstrong, 26 S. W. (2d) 166; Cameron County v. Fox, 61 S. W. (2d) 483; Baxter v. Rusk County, 11 S. W. (2d) 648.

*W. R. Parker,* Criminal District Attorney, and *Cecil Rotsch,* Assistant District Attorney, of Tarrant County, and *Samuells, Foster, Brown & McGee,* all of Fort Worth, for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this action, Tarrant County seeks to recover of Chester Hollis, and the surety on his official bond, the sum of $1,500.00 retained by Hollis from the excess fees of office collected by him as county clerk of Tarrant County during the year 1930. Hollis, as such county clerk, so retained said sum as compensation for ex-officio services. The trial court rendered judgment in favor of Hollis and his bondsmen and the Court of Civil Appeals reversed the judgment and rendered judgment for the county. 89 S. W. (2d) 835.

Article 3895 of the Revised Statutes of 1925, so far as presently material, reads as follows:

"In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners Court shall allow compensation for ex-officio services when, in their judgment, such compensation is necessary, provided such compensation for ex-officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter."

It is seen that, subject to the conditions and limitations named in the statute, the commissioners' court of Tarrant County had authority to fix the amount which Hollis could retain, as compensation for ex-officio services performed by him during the year 1930, from the excess fees of his office for that year. On January 3, 1929, the commissioners' court duly made and entered the following order:

"978 EX-OFFICIO SALARIES
      ALLOWED COUNTY OFFICIALS         January 3rd. 1929

"Came on for consideration by the Court the petition of County Officials asking that they be allowed ex-officio salary under Article 3893, (Rev. St. 1911) Chapter 121 Acts of the 33rd Legislature, amended Fee Bill; THEREFORE,

"It is moved, seconded and carried that all county officers, be and they are hereby allowed as part payment on ex-officio the sum of $1500.00.

"PETITION IN WORDS AND FIGURES AS FOLLOWS:

"'January 1st., 1929

"'To the Honorable Commissioners' Court of Tarrant County,

"'Gentlemen:                                                     [Texas.

"'Your petitioners would respectfully petition your Honorable Body that they be allowed under Art. 3893, Chapter 121 Acts of the 33rd Legislature, amended Fee Bill, Ex-Officio allowances in the sum of $1500.00 per annum; said ex-officio allowance of $1500.00 to be paid out of the fees collected by that particular office.'"

On the face of the minutes, Chester Hollis, county clerk, is shown to be one of the petitioners. The county concedes that an ex-officio allowance of $1,500.00 to Hollis, for the year 1930, would have been lawful in amount and in keeping with the authority conferred on the commissioners' court. It is contended, however, that the order of the commissioners' court, set out above, was not meant to apply to ex-officio compensation for the year 1930. It is to be observed that the order shows on its face that an ex-officio allowance "in the sum of $1500.00" per annum was provided for the respective officers. The extraneous evidence shows that it was a standing custom of the commissioners' court to pass an order, at or about the beginning of each successive two-year term of the various county officers, designating the amount of ex-officio compensation which the respective officers were to be allowed each year of the two-year term. In the present instance, the order in question was passed in pursuance of this custom. In these circumstances, there can be no reasonable doubt that the term "$1500.00 per annum" as used in the order was meant to embrace each of the years 1929 and 1930 within its meaning.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court March 16, 1938.